WILFRED J. WALKER *v.* STEPHEN JANKURA ET AL.

HOUSE, C. J., COTTER, RYAN, SHAPIRO and LOISELLE, Js.

Argued January 4—decided March 1, 1972

*Thomas J. Dolan,* for the appellants (defendant Bergers et al.), with whom was *Jack Samowitz,* for the appellants (named defendant et al.).

*Philip Trager,* with whom was *Alexander W. Samor,* for the appellee (plaintiff).

RYAN, J. In this action the plaintiff seeks a declaratory judgment determining whether an examination held by the personnel director of the city of Bridgeport for the position of police inspector in that city, and the conduct and marking thereof, were illegal and contrary to the charter of the city and the rules of the civil service commission. The plaintiff also prays for injunctive relief. The members of the civil service commission, the personnel director of the city and the seven police captains who took the examination with the plaintiff are defendants in the action. The trial court rendered judgment declaring the examination held on August 26, 1969, to be illegal and contrary to the provisions of the charter of the city of Bridgeport and the rules of the civil service commission and, therefore, null and void. It ordered the civil service commission and the personnel director to eliminate all names from the employment list of police inspectors and to hold a new examination as soon as possible in accordance with the charter, permitting only those police captains to take the examination who were eligible to take it on or before September 12, 1968. From this judgment the defendant members of the civil service commission, Raymond A. Gallagher, the personnel director of the city, and the defendant police captains, Harold W. Bergers and James P. Breen, appealed to this court. In argument before us the parties agreed that Captain Breen has now retired and that the questions raised on this appeal are moot as to him.

In their first assignment of error, the defendants seek to have added to the finding certain facts which they claim are either admitted or undisputed. "This

court has the power to correct the finding where it fails to include admitted or undisputed facts. Practice Book § 627; *Morrone* v. *Jose,* 153 Conn. 275, 277, 216 A.2d 196; *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 223, 215 A.2d 123. A fact, however, is not admitted or undisputed simply because it is uncontradicted. . . . In the instant case, there was no failure on the part of the trial court to include any paragraphs of the draft finding which were admitted or undisputed, as set forth under our rule in cases such as *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634." *Solari* v. *Seperak,* 154 Conn. 179, 182, 224 A.2d 529; *Schurgast* v. *Schumann,* 156 Conn. 471, 474, 242 A.2d 695.

The second assignment of error attacks certain paragraphs of the finding as having been found without evidence. This claim is without merit, since the challenged paragraphs of the finding pursued in the brief either are directly supported by the evidence or are based on inferences reasonably drawn from the evidence. *Cappiello* v. *Haselman,* 154 Conn. 490, 492, 227 A.2d 79.

The finding is not subject to any material change and discloses the following facts: In 1935, by special act amending the charter of the city of Bridgeport, a civil service system was adopted. 22 Spec. Acts 261. The present members of the civil service commission established pursuant to this act are the defendants Stephen Jankura, Robert C. Gerte, Thomas J. Barrett, John B. Kennedy and Robert P. Giannini. The defendant Gallagher is the duly appointed personnel director of the city of Bridgeport and the secretary of the civil service commission. As personnel director the defendant Gallagher is authorized and required by the act to provide for, and hold, tests for the purpose of establishing employ-

ment lists in the competitive division of the classified service of the city of Bridgeport. On May 14, 1968, two new positions of police inspector were duly established by the civil service commission within the competitive classified service of the city of Bridgeport. No promotion or employment list existed for these new positions as of May 14, 1968. The civil service provisions give to the commission full discretion to make a determination of the prerequisite qualifications of experience for admission of a candidate to a promotional examination. Section 9 of the civil service provisions of the charter provides, in part, as follows: "When a position in a promotional class shall become vacant . . . and no appropriate re-employment list or employment list exists, the Personnel Director shall, within one hundred and twenty days of the date of the creation of the vacancy, hold a promotional test for such class." On May 14, 1968, the civil service commission, on the recommendation of the personnel director, the defendant Gallagher, established three years' experience as a police captain as one of the qualifications for admission to the promotional examination for the post of police inspector. On May 29, 1968, the board of police commissioners made two provisional appointments to the post of police inspector, John D. Leahy and George V. Kelley. The defendant personnel director did not hold an examination during the 120-day period provided for in § 9. The plaintiff made numerous oral and written requests that an examination be held for the police inspector post, and filed grievances with the board of police commissioners and the civil service commission seeking to have the examination held. On June 27, 1969, an arbitration hearing was scheduled to consider the plaintiff's position concerning his

grievances, but the hearing was adjourned after the defendant Thomas J. Barrett, a member of the civil service commission, indicated to the plaintiff that an examination would be held within three weeks. On July 24, 1969, the mayor of the city of Bridgeport, Hugh C. Curran, wrote to the defendant personnel director requesting him to hold the examination immediately. Prior to that day, Gallagher had taken no action with respect to the examination. After the mayor's letter had been received, Gallagher completed all preparations for the examination within a week and a half. The examination was held on August 26, 1969. During the time between the creation of the vacancies and the holding of the examination, Gallagher gave numerous other tests, many for positions of minor importance. Eight captains, including the plaintiff and the defendants Leahy, Bergers, Breen and Willard Stevane, took the examination. The results of the test, as determined by the defendant commission, were as follows: Defendant Bergers, first; defendant Leahy, second; defendant Stevane, third; defendant Breen, fourth and the plaintiff Walker, fifth. Of those five officers, only the plaintiff and the defendant Leahy had the requisite three years' experience as captain on September 12, 1968, the date the 120-day period established by § 9 of the civil service provisions of the charter elapsed. Both Bergers and Breen completed three years' experience as captains on August 16, 1969, ten days before the examination was given. The personnel director was aware of the dates on which all of the defendants would attain three years' experience as captains, but intentionally delayed holding the examination until August 26, 1969, in order to permit Breen and Bergers to complete the necessary three years' experience. The delay in

holding the examination was arbitrary on the part of the personnel director and was not due to the press of business. Section 9 of the civil service provisions provides that no credit is to be given for service rendered as a temporary appointee. Section 12 provides that "in no case shall such [temporary] appointment exceed a total of four calendar months. No person shall receive more than one provisional appointment or serve more than four months as a provisional appointee in any one fiscal year." The defendant Leahy served more than four months as a provisional appointee prior to the examination and continued to serve as a police inspector to the date of trial, a period of more than eighteen months. The defendant Leahy was given credit for his service as a provisional police inspector in contravention of § 12 of the civil service provisions. Moreover, although § 9 of the civil service provisions provides that the identity of all candidates shall remain secret, the defendant Leahy appeared for the examination in the uniform of a police inspector and displayed a name tag thereon. On October 13, 1969, the plaintiff filed a notice of appeal with the civil service commission. The commission denied the appeal two days later. There is nothing in the record to indicate that the plaintiff was given a hearing. On these subordinate facts the trial court concluded: (1) that the examination was void, illegal and contrary to the rules of the civil service commission and the charter of the city of Bridgeport; (2) that the only reasonable remedy is to order that the list established as a result of the examination be vacated, the examination be held again and that the new examination be open only to candidates who possessed the requisite experience and qualifications as of September 12, 1968.

The defendants assign error in the trial court's construction of § 9 of the civil service provisions, the pertinent portion of which is as follows: "When a position in a promotion class shall become vacant —and no appropriate re-employment list or employment list exists, the personnel director shall, within one hundred and twenty days of the date of the creation of the vacancy, hold a promotion test for such class." It is their claim that this language is directory only and not mandatory as determined by the trial court. "In determining whether a statute is mandatory or merely directory, the most satisfactory and conclusive test is whether the prescribed mode of action is of the essence of the thing to be accomplished or, in other words, whether it relates to matter of substance or to matter of convenience. *Gallup* v. *Smith,* 59 Conn. 354, 358, 22 A. 334." *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 554, 235 A.2d 643. The defendants urge that the act contains nothing which invalidates a belated examination or which inferentially makes compliance therewith a condition precedent, and, therefore, the provision in question is not of the essence of the thing to be accomplished. *Donohue* v. *Zoning Board of Appeals,* supra; *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 68, 82 A.2d 345. They claim, further, that there is no statutory limitation of time, the nonobservance of which renders the examination voidable. See *Wilson Point Property Owners Assn.* v. *Connecticut Light & Power Co.,* 145 Conn. 243, 267, 140 A.2d 874. Section 12 of the civil service provisions in pertinent part is as follows: "If necessary to prevent the stoppage of public business or inconvenience to the public, but not otherwise, the personnel director, with the approval of the commission, may authorize

the filling of a position by provisional appointment pending the establishment of a re-employment or employment list. No person who does not possess the minimum required qualifications for such position as may be prescribed by the personnel director shall be permitted to serve in such temporary position or office. Such provisional appointment shall continue only until the establishment of a re-employment or employment list. In no case shall such appointment exceed a total of four calendar months." This section of the civil service provisions must be read together with that portion of § 9, wherein it is required that the examination be given within 120 days of the creation of the vacancy. The limitation of four months for any provisional appointment obviously coincides with the 120-day limitation as provided in § 9 and emphasizes the intention of the legislature that the 120-day requirement is of the essence of the thing to be accomplished and that it relates to matter of substance rather than to matter of convenience.

The defendants urge that the only possible interpretation of the 120-day provision in question would be that the examination is to be held within a specified time limit *if possible*, yet if factors prevent giving the examination within such time it should be given under the same conditions *as soon as possible*. This is tantamount to saying that substantial performance by the civil service commission is sufficient. There is no merit to this contention.

Statutory provisions regulating appointments under civil service acts are mandatory and must be complied with strictly. They may not be waived by a civil service commission and substantial compliance is insufficient. 15 Am. Jur. 2d, Civil Service, § 20. "The doctrine of substantial performance has

no application to the performance of duty by those entrusted with the administration of the civil service law. It would open the door to abuses which the law was designed to suppress. The law provides for a complete system of procedure designed to secure appointment to public positions of those whose merit and fitness has been determined by examination, and to eliminate as far as practicable the element of partisanship and personal favoritism in making appointments. . . . A civil service statute is mandatory as to every requirement. *Mestad* v. *City of Rochester,* 198 Minn. 588, 270 N.W. 577." *State ex rel. Kos* v. *Adamson,* 226 Minn. 177, 182, 32 N.W.2d 281. Statutory provisions for civil service examinations must be strictly complied with to support the validity of the action of a municipal board concerned with promotions under civil service. *Ziomek* v. *Bartimole,* 156 Conn. 604, 610, 244 A.2d 380; *Resnick* v. *Civil Service Commission,* 156 Conn. 28, 32, 238 A.2d 391.

While the defendants concede that the trial court was empowered to order that the list established as a result of the examination be vacated, and that the examination be held again, they urge that the court was without power to order that the new examination be open only to candidates who possessed the requisite experience and qualifications as of September 12, 1968. They claim that this presents an administrative rather than a judicial question. It is the usual rule in such matters that the court does not attempt to substitute its discretion for that of the commission. The court in this case did not substitute its discretion for that of the commission. It merely held that the commission's actions were illegal, arbitrary and contrary to the civil service provisions of the charter. As the plaintiff so aptly urges in

his brief, the commission, and not the court, determined the qualifications for candidates for the examination. To permit the commission to change its requirements at this point would be to allow it to perpetuate its illegal activities and to obviate any effective judicial review thereof. The judgment of the court merely seeks to insure that the charter and the civil service act be strictly followed by the commission. In the present case there is, as a matter of law, but a single course of action which the defendants can legally take. Whenever that occurs, the court may direct the administrative agency to take that course of action which is legally required. *Watson* v. *Howard,* 138 Conn. 464, 470, 86 A.2d 67; *Executive Television Corporation* v. *Zoning Board of Appeals,* 138 Conn. 452, 457, 85 A.2d 904.

There is no error.

In this opinion the other judges concurred.