JOYCE BUONANNO *v.* LAWRENCE J. MERLY ET AL.
(2504)

DUPONT, C.P.J., SPALLONE and KELLY, Js.

Submitted on briefs March 29—decision released May 28, 1985

*Thomas K. Jackson,* deputy city attorney, and *Barbara Brazzel-Massaro,* assistant city attorney, filed a brief for the appellants (defendants).

*Thomas W. Bucci* filed a brief for the appellee (plaintiff).

KELLY, J. This is an appeal by the defendants, members of the Bridgeport civil service commission, from an order of the trial court compelling the defendants to declare the plaintiff eligible to take a promotional examination.

The plaintiff had been employed by the city of Bridgeport in the permanent classification of typist I from

April 29, 1963, until October 3, 1972, at which time she voluntarily left her employment. She returned to work in the same classification on August 30, 1981, and so remained at least until August 17, 1983, the date of the judgment being appealed. On December 2, 1982, the civil service commission announced a promotional examination for the position of typist II, open only to those employees of the city who had "occupied with tenure of office a position in the clerical service for not less than one year as of July 6, 1982."

Section 9 of Bridgeport's city charter states in part that promotional tests shall not be available to those who have "served less than one year in a lower grade." The defendants urge that we interpret this provision to require that the one year of service be the one year immediately preceding the eligibility date and that such service be continuous and uninterrupted. That requirement is not expressed, however, in the charter language.

A municipal charter is a legislative enactment and in its interpretation the rules of statutory construction are ordinarily applied. *Arminio* v. *Butler,* 183 Conn. 211, 217, 440 A.2d 757 (1981). The intention of the legislative body is found in the words employed in the charter provisions, and these words are given their plain and obvious meaning. Id.; see *Kusterer* v. *Sheehy,* 2 Conn. App. 712, 714, 483 A.2d 1105 (1984). Where the language used is unambiguous, "a court cannot arbitrarily add to or subtract from the words employed." *Arminio* v. *Butler,* supra, 213, quoting 2 McQuillin, Municipal Corporations (3d Ed. Rev.) § 9.22.

We conclude that the trial court correctly held that the plaintiff had occupied the position in question for not less than one year as of July 6, 1982.

There is no error.

In this opinion the other judges concurred.