[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
The plaintiff, an individual taxpayer, elector and City Clerk of the City of West Haven("City"), has instituted the present quo warranto proceeding asserting that the defendant unlawfully holds CT Page 4048 the office of a member of the Board of Education. The parties have stipulated to the following facts: the defendant became a resident of the City on February 22, 1995 and became an elector on May 30, 1995; immediately prior to becoming a resident of the City in February of 1995, the defendant was an elector of the Town of Hamden for approximately 10 years; at various times prior to 1985, the defendant was a resident of the City and prior to 1985 had been an elector of the City for at least one year; the defendant attended elementary and secondary school in the City's public school system; in July of 1995 the defendant became a candidate for the City's Board of Education, was duly elected to that position on November 7, 1995 and, on December 3, 1995, the defendant was sworn in as a member of the Board of Education.
At all relevant times the Charter of the City required:
 "At the time of their election, the members of the Board of Education shall have been electors of the City of West Haven for at least one year and they shall serve without compensation."
The plaintiff asserts that because the defendant was not an elector of the City for the one year immediately preceding the taking of office she does not comply with the requirements of the City Charter and is, therefore, wrongfully holding the office of a member of the Board of Education. The defendant asserts, inter alia, that she has been an elector of the City for more than on year, although not for one year immediately preceding her election, and therefore complies with the Charter provisions.
Initially, the defendant filed a Motion to Dismiss the action asserting that the Court does not have subject matter jurisdiction because the plaintiff failed to exhaust his administrative remedies provided in Section XXI of the City's Charter (which provides for the recalling or removal of a member of a public office who has held that office for six months by virtue of a recall vote of the electors of the City) and that position is also asserted as a special defense. Our Supreme Court has held that municipalities lack authority to enact recall provisions. Simons v. Canty, 185 Conn. 524 (1985). In addition, effective January 1, 1996 the recall provisions were deleted from the City's Charter. Even if the recall provisions could be characterized as an administrative remedy, they would, in this case, provide no remedy at all. Accordingly, in so far as the CT Page 4049 defendant claims the Court does not have the right to entertain the claims of the plaintiff, that position is rejected and the Motion to Dismiss is denied.
"It has been well established that a City's Charter is the fountainhead of municipal powers. . . . The Charter serves as an enabling act, both creating power and prescribing the form in which it must be exercised. . . .In construing a City Charter, the rules of statutory construction generally apply. . . . A City Charter must be construed, if possible, so as reasonably to promote its ultimate purpose. . . . In arriving at the intention of the framers of the Charter the whole and every part of the instrument must be taken and compared together. In other words, effect should be given, if possible, to every section, paragraph, sentence, clause and word in the instrument and related laws. The real intention when once accurately and indubitably ascertained, will prevail over the lateral sense of the terms. . . . The language used must be given its plain and obvious meaning, and, if the language is not ambiguous a court cannot arbitrarily add or subtract from the words employed." (Internal quotation marks omitted; citations and part of text omitted). Stamford RidgewayAssociates v. Board of Representatives, 214 Conn. 407, 423-424
(1990); Carruthers v. Vumbacco, 4 Conn. App. 168, `70-171 (1985); See Generally, 2 McQuillin, Municipal Corporations (3rd Ed. Rev.) § 9.22.
The plaintiff claims that the elector requirement of the City's Charter "for at least one yearn should be read so that the individual must be an elector for one year "immediately proceeding" the taking of office because it would be illogical or absurd to attribute any other meaning to the language. Rivera v.Erie County Board of Elections, 560 N.Y.S.2d 537 (1990). Chapter 2, Section 5 of the City Charter covers the election of Councilman for the City. That section provides, in part, :"A candidate for the office of Councilman at Large, must be an elector of the municipality for at least one year. A candidate for the office of Councilman must have at least six months residence, immediately preceding his nomination, in the District from which he is nominated." The City Charter itself therefore establishes that the framers of the document were well aware of the utilization of the words "immediately preceding" when they intended to express that concept. In Buoanno v. Merly, 4 Conn. App. 148
(1985), the Court was concerned with the eligibility of a plaintiff to take a promotional examination where she had been employed in a certain capacity for over nine years and then CT Page 4050 voluntarily left that employment. Some nine years later she returned to work in the same classification but had not worked for a year in that position. The Court stated, at p. 149: "Section 9 of Bridgeport's City Charter states in part that promotional tests shall not be available to those who have served less than one year in a lower grade'. The defendants urged that we interpret this provision to require that the one year of service be the one year immediately preceding the eligibility date and that such service be continuous and uninterrupted. That requirement is not expressed, however, in the Charter language." The Court then noted that it could not "arbitrarily add to or substract from the words employed." Similarly, the "immediately preceding" concept is not expressed in the City Charter with respect to the Board of Education.
In the present case, the defendant was an elector of the City for at least one year but was not such an elector for one year immediately preceding the election. The Court holds that the defendant did not have to be an elector for the year immediately preceding the election because the language of the City Charter does not require it. Accordingly, the defendant complies with the elector requirement of the City Charter. It is therefore unnecessary to consider the Constitutional issues raised by the defendant.
Judgment may enter for the defendant.
RUSH, J.