[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff Edward Riordan files this action seeking to enjoin the respondents from treating Civil Service Eligible List 98-35 for the CT Page 11485 position of captain in the Fire Department as having expired on May 27, 2000. Rather the plaintiff claims that the list is valid through September 2, 2000. Since there were three open positions for captain as of July 10, 2000, and since he was next on the eligible list, he claims that the defendants must promote him.
The defendant City of New Haven and New Haven Civil Service Commission respond that Eligible List 98-35 was first certified on May 27, 1998, that it has a maximum life span of two years, and that they have no choice under existing statutes but to allow its expiration as of May 27, 2000. Vacant positions of captain after that date must be filled from a new list to be created through a new set of examinations, thus allowing competition to be open to newer qualified candidates.[1] The defendants oppose the plaintiff's application for injunction.
The parties were heard initially on July 10, 2000, relative to the plaintiffs request for a temporary injunction. Thereafter the parties stipulated to the presentation of various exhibits and agreed on a briefing schedule, so that the court's determination in this case could be a decision on the merits of the permanent, as well as the temporary, injunction application. To that end, the defendants have filed a Motion for Summary Judgment which is the procedural vehicle that the court will use to address the issues in this case.
There are no material facts in dispute. The Civil Service regulations of the City of New Haven govern the appointment of candidates to the position of captain in the New Haven Fire Department. The method for ranking candidates is through the administration of a written and oral examination to those who meet certain criteria for promotion. The last exam was administered over certain dates in April and May of 1998. The list ranking the candidates for the captain position was certified by the Civil Service Board after unanimous vote on May 27, 1998. The President of the Civil Service Board affixed his signature to the list and dated it May 27, 1998.
The list is a three page document containing the names in ranked order of those who passed the exam with a score of 70 or better. The document is entitled Eligible List Roster and indicates that it is "Eligible List 98-35" and, below that, contains the words "Fire Captain." The plaintiff received a score of 78, with thirty-six candidates ahead of him on the list out of forty-four who passed the test.
Thereafter, in checking the scoring on the test, an error was discovered. John King who had originally been listed as scoring 88 was determined to have actually scored a 93, elevating him to first place on the list from a tie for third place. Scores for all the other candidates CT Page 11486 were rechecked and found to have been accurately recorded. A corrected "Eligible List 98-35" was presented to and unanimously approved by the Civil Service Board on September 2, 1998. It was identical to the original "Eligible List 98-35" but for three items. Next to the words "Eligible List 98-35" is the word "Corrected" on each page; John King is listed as scoring highest, with the necessary adjustments for second and third place; and the signature of the President of the Civil Service Board is reaffixed with the handwritten date September 2, 1998. The plaintiff was still thirty-six out of forty-four.
The Civil Service Rules and Regulations of the City of New Haven provide in Rule IV, Section 2: "An eligible list shall be in effect from the date on which it is promulgated;" and in Section 3: "Eligible lists shall be in effect for a period of at least one year but not more than two years from the date of promulgation."
After May 27, 2000, the budget of the Fire Department contained at least one funded, vacant position for fire captain. Between May 27, 1998 and May 27, 2000, all thirty-five people ahead of the plaintiff on the list had either been hired into a vacant fire captain position or had withdrawn their candidacy. Were Eligible List 98-35 still controlling, the next candidate for promotion to Fire Captain between May 27, 2000, and September 2, 2000, would be the plaintiff. Under Article XXVIII of the Collective Bargaining Agreement in force between the firefighters' union and the city, the plaintiff would be entitled to the promotion to captain "within two weeks if there is an active list and if there is funding in the budget."
The sole issue is whether there was an "active list." Put another way, the question is whether the list expired on May 27, 2000, or on September 2, 2000. The plaintiff argues that Eligible List 98-35 was last certified, as it says on its face, on September 2, 1998, and thus did not expire until September 2, 2000. This argument is entirely disingenuous.
Were that argument to be accepted, it would mean that a list first
certified on May 27, 1998, was still being utilized to assign candidates for promotion for fourteen weeks in excess of the time allowable under the Civil Service Rules and Regulations. If one were to accept this factious proposition, it would mean that the Civil Service Board in conjunction with the administration of the Fire Department had determined to countermand the clear dictates of the law and to act ultra vires and without authority.
The stipulated exhibits in this case recount, in part, the sorry history in New Haven of efforts to flout the civil service merit examination system by those who previously administered the fire CT Page 11487 department. See, New Haven Firebird Society v. Board of FireCommissioners, 32 Conn. App. 585 (1993), cert. denied, 228 Conn. 902,634 A.2d 295 (1993). That history in particular discloses a practice of manipulating civil service eligible lists to extend the life of the list for years without affording newer candidates the opportunity to compete on merit for the openings. Although the plaintiff is evidently the first to try to use the chimera of a "corrected list" as a means to this end, the court will not countenance such a transparent attempt to circumvent the letter and undermine the spirit of the civil service laws, designed after all to reward merit, promote diversity, and prevent nepotism. See, e.g., Cassella v. Civil Service Commission, 202 Conn. 28, 34, 519 A.2d 67
(1987).
Moreover the plaintiffs position — that a technical correction within the list creates a new list altogether — is unreasonable on its face. As the Appellate Court noted in the New Haven Firebird case, supra, 593, "[i]t is axiomatic that courts will not construe statutes, ordinances or regulations to achieve an absurd or irrational result." SeeTurner v. Turner, 219 Conn. 703, 712-13, 595 A.2d 297 (1991).
The court finds that Eligible List 98-35, first certified on March 27, 1998, expired by operation of law on March 27, 2000. Consequently the plaintiff was not entitled to be promoted to fire captain thereafter as a result of his ranking on that list. The application for temporary and permanent injunction is denied. The defendants' motion for summary judgment is granted. Judgment for the defendants shall enter.
Patty Jenkins Pittman, Judge.