870 A.2d 483 (2005)
49 Conn.Sup. 224
Cindy MATTERA et al.
v.
CIVIL SERVICE COMMISSION OF the CITY OF BRIDGEPORT[*]
No. CV-03-0402585.
Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport.
March 24, 2005.
*485 Ferguson & Doyle, Rocky Hill, for the named plaintiff et al.
Susan V. Wallace, Middletown, for the plaintiff Johanna Georgia et al.
Bridgeport city attorney, for the named defendant.
Cohen & Wolf, Bridgeport, for the intervening defendant, Bridgeport Firefighters for Merit Employment, Inc.
DEWEY, J.

I

INTRODUCTION
In the present action, the plaintiffs, all Bridgeport firefighters, seek to enforce certain civil service provisions of the charter of the city of Bridgeport (city). In particular, the plaintiffs allege that they have "held a position for one year or more" and, therefore, are eligible to test for promotion to a higher grade. The defendant civil service commission (commission) of the city contends that existing civil service rules, in particular, time in grade requirements, preclude the relief that the plaintiffs request. The plaintiffs sought a declaratory judgment that any individual with one year tenure would be eligible for departmental promotional examinations. Additionally, the plaintiffs requested that the court enjoin the defendant from requiring a time in grade requirement of three years as a prerequisite for promotional examinations.
The parties requested relief in the form of a declaratory judgment. Consequently, the court ordered notice to any persons whose rights might be affected by such a declaration. Practice Book § 17-56(b). "This rule is not merely a *486 procedural regulation. It is in recognition and implementation of the basic principle that due process of law requires that the rights of no man shall be judicially determined without affording him a day in court and an opportunity to be heard." Benz v. Walker, 154 Conn. 74, 77, 221 A.2d 841 (1966). This court finds that notice was adequate.
This declaratory judgment may be maintained if the following three conditions have been met: "(1) The party seeking the declaratory judgment has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations; (2) There is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; and (3) In the event that there is another form of proceeding that can provide the party seeking the declaratory judgment immediate redress, the court is of the opinion that such party should be allowed to proceed with the claim for declaratory judgment despite the existence of such alternate procedure." Practice Book § 17-55. Here, the plaintiffs have an actual interest in the outcome of these proceedings. Their ability to apply for a promotion is contingent on a ruling that the defendant has improperly construed the relevant civil service regulations. Since the claims involve allegations that the defendant has violated the state and local laws, the court finds that "[t]here is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties" in regard to the claim, and, this is the most efficacious forum for the determination of the issues. Consequently, the second and third prongs of the test as to whether a declaratory judgment should be granted have been met.

II

FACTS
The plaintiffs are all city firefighters who have been employed for more than one year. Under the city's governing structure, the mayor functions as the executive body and the board of aldermen function as the legislative and appropriating body. The city has a charter that establishes a civil service system.[1]
The defendant governs the administration of the city's civil service system. Those duties include the preparation and administration of competitive promotional examinations.
The aforementioned city charter and certain ordinances make provisions for the proper procedure for seeking new positions or transfers within a city department. In particular, § 9 of Bridgeport's city charter provides in pertinent part: "The personnel director shall, from time to time, as conditions warrant, hold tests for the purpose of establishing employment lists for the various positions in the [competitive division of the] classified service. Such tests shall be public, competitive and open to all persons who may be lawfully appointed to any position within the class for which such examinations are held with limitations specified in the rules of the commission as to residence, age, health, habits, moral character and prerequisite qualifications to perform the duties of such position. . . . Promotion tests shall be public, competitive and free only to all persons . . . who have held a position for one year or more in a class or rank previously declared by the commission to involve the *487 performance of duties which tend to fit the incumbent for the performance of duty in the class or rank for which the promotion test is held. . . . If fewer than two persons submit themselves for a promotion test, or if, after such test has been held, all applicants shall fail to attain a general average of not less than the minimum standard fixed by the rules of the commission, said director shall forthwith hold an original entrance test and certify from the employment list resulting therefrom. . . . The commission shall cancel such portion of any list as has been in force for more than two years."
The rules of the defendant itself offer further guidance. Chapter 17, § 211(a) of Bridgeport's city charter, pertaining to those rules, provides in pertinent part: "The personnel director shall . . . hold tests for the purpose of establishing employment lists for the various positions in the competitive division of the classified service. . . . Promotion tests shall be public, competitive and free only to all persons . . . who have held a position for one year or more in a class or rank previously declared by the commission to involve the performance of duties which tend to fit the incumbent for the performance of duty in the class or rank for which the promotion test is held. . . . A person who has served less than one year in a lower grade shall not be eligible for a promotion test."
By notice dated March 21, 2003, the city announced that it would offer an examination for the position of pumper engineer. The notice provided in pertinent part: "This examination is open to Firefighters who have been employed by the City of Bridgeport, who meet the following requirements: three years of satisfactory experience as a City of Bridgeport Firefighter as of February 17, 2002."
Cindy Mattera, the named plaintiff, and plaintiffs Alberto Hernandez and Craig Morgan made timely applications to take the pumper engineer examination. On May 3, 2003, all were notified that they failed to meet the experience requirement as set forth in the March 21, 2003 notice. All three appealed this determination to the defendant. On May 8, 2003, the defendant denied all appeals.
By notice dated September 3, 2003, the city announced that it would offer an examination for the position of fire assistant chief. The notice provided in pertinent part: "This examination is open to members of the Bridgeport Fire Department, who have occupied with tenure, a position of Fire Captain, for not less than three years preceding December 7, 1997 (Must have been a Fire Captain on or before December 7, 1994)."
Plaintiffs Manuel Firpi, Ivan Fossesiguroni, Lorenzo Pittman and Ismael Pomales, all Bridgeport fire captains, made timely applications to take the fire assistant chief examination. On September 30, 2003, all were notified that they failed to meet the experience requirement as set forth in the September 3, 2003 announcement. All three appealed this determination to the defendant. On October 7, 2003, the defendant denied all appeals.
By notice dated September 5, 2003, the city announced that it would offer an examination for the position of fire captain. The notice provided that the examination was open to members of the department, who had occupied with tenure a position of fire lieutenant for not less than three years preceding December 10, 2000.
Each of the plaintiffs here has held a position for one year or more but not for the three years in a class or rank previously declared by the commission to involve the performance of duties in a class or rank for which the promotion test was held.
*488 Since at least 1939, a year of major civil service reform, a three year time in grade tenure has been required to take the promotional examinations for pumper engineer, fire assistant chief and fire captain. In 1958, after the adoption of the "Griffenhauger Report" by the defendant, that same three year time in grade tenure was again recognized as an eligibility requirement for the pumper engineer, fire assistant chief and fire captain examinations.
There have been exceptions to the three-year time in grade requirement, most notably in 1989 and 1991. In both years, both the city and the local firefighters union agreed to the change in the time in grade requirement. Finally, in March, 1999, as part of a settlement in the matter of International Assn. of Firefighters Local 834 v. Bridgeport Civil Service Commission, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV-97 0342821, the city and the firefighters union purportedly entered into an agreement wherein they altered the time in grade requirements for various positions. That settlement agreement was declared null and void in Thomas v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV-99 361811S (July 19, 2000) (Nadeau, J.).

III

LEGAL ANALYSIS
The present controversy is the latest in a long history of proceedings involving the city and its civil servants. In each case, the litigants have challenged the defendant's authority to promulgate regulations.
The need for the defendant's civil service guidelines is apparent. As early as 1942, our Supreme Court evaluated the defendant. Emphasizing the need for civil service regulation, the court noted that "[s]oon after the formation of political parties in this country, the maxim `To the victor belong the spoils' became current and its wide application gave birth to the so-called `spoils system.' This in turn resulted in political scandals which have rocked the nation to its foundation. In an attempt to remedy this condition, various forms of merit systems have been adopted aimed to obtain qualified appointees and to ensure them a tenure of office free from interference on political or religious grounds. . . . The civil service amendment to the Bridgeport city charter represents that municipality's effort along this line." (Citations omitted.) State ex rel. McNamara v. Civil Service Commission, 128 Conn. 585, 588-89, 24 A.2d 846 (1942).[2]
The defendant was designed "to eliminate as far as practicable the element of partisanship and personal favoritism in making appointments." (Internal quotation marks omitted.) Resnick v. Civil Service Commission, 156 Conn. 28, 33, 238 A.2d 391 (1968). Merit promotion, not nepotism, has been the guiding rule. McAdams v. Barbieri, 143 Conn. 405, 421, 123 A.2d 182 (1956). The defendant's discretion is limited. Cassella v. Civil Service Commission, 202 Conn. 28, 34-35, 519 A.2d 67 (1987).
*489 Nevertheless, the defendant's appointment and promotion procedures have generated debate. The present litigation involves the authority of the defendant to define the qualifications of those who seek promotion within the civil service ranks.
This is not a trivial issue. Indeed, "[i]t cannot be overemphasized that proper competitive examinations are the cornerstone upon which an effective civil service system is built. Any violation of the law enacted for preserving this system, therefore, is fatal because it weakens the system of competitive selection which is the basis of civil service legislation. . . . Strict compliance is necessarily required to uphold the sanctity of the merit system." (Citations omitted; internal quotation marks omitted.) Id., at 35, 519 A.2d 67; Broadnax v. New Haven, Superior Court, judicial district of New Haven, Docket No. 412193, 2002 WL 449712 (February 27, 2002) (Munro, J.). Strict, not technical, compliance is required. Cassella v. Civil Service Commission, supra, 202 Conn. at 34, 519 A.2d 67; Resnick v. Civil Service Commission, supra, 156 Conn. at 32, 238 A.2d 391. Only rational results are allowed. Kelly v. New Haven, Superior Court, judicial district of New Haven, Docket Nos. CV-00 0444614, CV-01 0454311 and CV-03 0477275 (January 6, 2004) (Pittman, J.); Riordan v. New Haven, Superior Court, judicial district of New Haven, Docket No. CV-00 0439261S (September 20, 2000) (28 Conn. L. Rptr. 198, 199) (Pittman, J.). In Bridgeport, eligibility requirements are part of those criteria. Santora v. Miklus, 199 Conn. 179, 182-83, 506 A.2d 549 (1986).
As has been the rule during the last sixty years of litigation, the defendant must strictly comply with its mandate to promote a fair and effective civil service system. "The object of providing for civil service examinations is to secure more efficient employees, promote better government, eliminate as far as practicable the element of partisanship and personal favoritism, protect the employees and the public from the spoils system and secure the appointment to public positions of those whose merit and fitness have been determined by proper examination. . . . Therefore any violation of an ordinance enacted for the purpose of preserving that efficiency is fatal because it weakens the system of competitive selection which is the basis of civil service legislation." (Citation omitted; internal quotations omitted.) Ziomek v. Bartimole, 156 Conn. 604, 610, 244 A.2d 380 (1968); see also Resnick v. Civil Service Commission, 156 Conn. 28, 30-31, 238 A.2d 391 (1968).
Throughout the seventy year history of litigation involving appointments and promotions by the defendant, all courts have applied the same general rules. In order to determine what a particular merit examination is intended to encompass, courts engage the well-established principles of statutory interpretation. "It is fundamental that statutory construction requires us to ascertain the intent of the legislature and to construe the statute in a manner that effectuates that intent. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation. . . . In order to determine the meaning of a statute, we must consider the statute as a whole when reconciling its separate parts in order to render a reasonable overall interpretation." (Citation omitted; internal quotation marks omitted.) Murchison v. Civil Service Commission, 234 Conn. 35, 45, 660 A.2d 850 (1995).
*490 The fact that this court is dealing with a civil service regulation does not warrant a different result.[3] "`The principles of statutory construction apply to municipal charters. Buonanno v. Merly, 4 Conn.App. 148, 149, 493 A.2d 245 (1985). They also apply to civil service rules and regulations; see Jones v. Civil Service Commission, 175 Conn. 504, 508-509, 400 A.2d 721 (1978); which have the force and effect of law. Gilbert v. Civil Service Commission, 158 Conn. 578, 582, 265 A.2d 67 (1969)." New Haven Firebird Society v. Board of Fire Commissioners, [32 Conn.App. 585, 590, 630 A.2d 131 (1993).] When there is no ambiguity, a statute should be given its plain and ordinary meaning. Kilduff v. Adams, Inc., 219 Conn. 314, 337, 593 A.2d 478 (1991)." International Assn. of Firefighters, Local 834 v. Bridgeport Civil Service Commission, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 302995, 1995 WL 79804 (February 15, 1995) (Levin, J.) "Finally, common sense must be used in statutory interpretation, and courts will assume that the legislature intended to accomplish a reasonable and rational result." (Internal quotation marks omitted.) Cannata v. Dept. of Environmental Protection, 239 Conn. 124, 141, 680 A.2d 1329 (1996); Broadnax v. New Haven, supra, Superior Court, Docket No. 412193, 2002 WL 449712; Bombalicki v. Pastore, Superior Court, judicial district of New Haven, Docket No. 378772, 2001 WL 267617 (February 28, 2001) (Blue, J.).
Legislative intent, however, is not to be found in an isolated sentence. "The enactment must be examined in its entirety and its parts reconciled and made operative so far as possible. . . . It is a cardinal rule of statutory construction that, if possible, no part of a legislative enactment is to be treated as insignificant and unnecessary. . . . Courts must presume that the legislature had a purpose for every sentence, clause or phrase in a legislative enactment. . . . Statutes must be construed if possible so that their purpose is not thwarted by the construction." (Citations omitted.) McAdams v. Barbieri, supra, 143 Conn. at 418, 123 A.2d 182.
Here, the parties' primary dispute involved the requirement that those seeking promotion need one year time in grade or more as a prerequisite. The plaintiffs argue that one-year time in grade tenure is the sole requirement. The defendant responds that the commission sets the minimum requirements. This court believes that the matter was resolved in Walker v. Jankura, 162 Conn. 482, 485, 294 A.2d 536 (1972), where the Supreme Court observed that the Bridgeport civil service provisions give the defendant in the present case full discretion to determine the prerequisite qualifications for promotion. See also Murchison v. Civil Service Commission, supra, 234 Conn. at 45-46, 660 A.2d 850; Thomas v. Bridgeport, supra, Superior Court, Docket No. CV-99 361811S.[4]
Thomas is instructive. There, the trial court addressed the precise issue before this court; the meaning of the phrase "one year or more." The court noted: "Even if it were relevant [to the matter before the court,] the defendants' claim that § 211 clearly and unambiguously establishes a *491 one year time in grade requirement would nonetheless fail. In interpreting the phrase `one year or more' as used in § 211, the court relies on the well established rule that in cases where the disjunctive `or' is used to separate parts of a statute, `absent any indication that one [term] is subordinate to the other or that one is meant to define the other, each [term] . . . must be given equal weight as an independent limitation.' Vitti v. Allstate Insurance Company, 245 Conn. 169, 195, 713 A.2d 1269 (1998). See also State v. Payne, 240 Conn. 766, 773, 695 A.2d 525 (1997) (`The use of the disjunctive "or" between the two parts of the statute indicates a clear legislative intent of separability.'); State v. Dennis, 150 Conn. 245, 248, 188 A.2d 65 (1963). Therefore, absent any indication elsewhere in § 211 that the words `or more' are meant to modify, rather than provide an alternative to, the term `one year,' this court concludes that use of the word `or' in the disputed portion of § 211 clearly signifies that the commission and the personnel director are permitted to impose a time in grade requirement greater than one year, where deemed appropriate. This interpretation is supported by the fact that, had the intent been to establish a time in grade requirement that did not exceed one year, it would have been unnecessary to add the disjunctive `or more' following the term `one year.' Accordingly, the court concludes that § 211 clearly and unambiguously permits the civil service commission and the personnel director to establish time in grade requirements of more than one year for promotional testing eligibility in the competitive division of the classified civil service." Thomas v. Bridgeport, supra, Superior Court, Docket No. CV-99 361811S.
Statutory interpretation in the present case is aided by history. In the past, litigants have attempted to minimize the defendant's reliance on the three year time in grade requirement for promotions. In Walker v. Jankura, supra, 162 Conn. at 489-90, 294 A.2d 536, the defendant, in an effort to avoid the three year time in grade requirement, attempted to delay a promotion examination. Ordering immediate examinations, our Supreme Court cautioned that "[s]tatutory provisions regulating appointments under civil service acts are mandatory and must be complied with strictly. They may not be waived by a civil service commission and substantial compliance is insufficient. . . . The doctrine of substantial performance has no application to the performance of duty by those entrusted with the administration of the civil service law. It would open the door to abuses which the law was designed to suppress. The law provides for a complete system of procedure designed to secure appointment to public positions of those whose merit and fitness has been determined by examination, and to eliminate as far as practicable the element of partisanship and personal favoritism in making appointments. . . . A civil service statute is mandatory as to every requirement. . . . Statutory provisions for civil service examinations must be strictly complied with to support the validity of the action of a municipal board concerned with promotions under civil service." (Citations omitted; internal quotation marks omitted.) Id.
In subsequent litigation, courts have repeatedly recognized the validity of the time in grade requirement of the defendant in the present case. See, e.g., Assn. Against Discrimination v. Bridgeport, 647 F.2d 256 (2d Cir.1981)(federal court rejected request for reduction in time); Bridgeport Guardians, Inc. v. Members of Bridgeport Civil Service Commission, 482 F.2d 1333 (2d Cir.1973)(Bridgeport time in grade requirement was obviously job related); Bridgeport Firebird Society v. *492 Bridgeport, 686 F.Supp. 53 (D.Conn.1988)(same); Assn. Against Discrimination v. Bridgeport, 479 F.Supp. 101 (D.Conn.1979) (federal court rejected request for reduction in time); Honis v. Cohen, 18 Conn.App. 80, 556 A.2d 1028 (1989)(seeking promotion, plaintiff, Bridgeport resident, was 51 days short of requirement); Thomas v. Bridgeport, supra, Superior Court, Docket No. CV-99 361811S (court nullified attempt to reduce time in grade requirement); International Assn. of Firefighters, Local 834 v. Bridgeport Civil Service Commission, supra, Superior Court, Docket No. 302995 (time in grade requirement for promotions recognized as valid criterion).[5]
The defendant has no choice but to follow its own rules. This is not unique to Bridgeport or Connecticut. See, e.g., Riviera Beach v. Fitzgerald, 492 So.2d 1382, 1384-85 (Fla.App.1986); Long v. Commissioner of Public Safety, 26 Mass.App. 61, 65, 523 N.E.2d 271 (1988).

IV

CONCLUSION
The defendant has established a valid civil service examination prerequisite. The court denies the plaintiffs' request for a declaratory judgment which would substitute the judgment of the plaintiffs or this court for that of the defendant. The court further denies the plaintiffs' request for injunctive relief.
NOTES
[*] Affirmed. Mattera v. Civil Service Commission, 273 Conn. 235, 869 A.2d 637 (2005).
[1] In 1935, the legislature passed a special act amending the Bridgeport city charter for the purpose of creating a civil service system. See 22 Spec. Acts 261, No. 407 (1935).
[2] Today's national civil service laws trace their origin to the Pendleton Civil Service Act of 1883. Arnett v. Kennedy, 416 U.S. 134, 149, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). The act was "`designed to eliminate the abuses associated with the patronage system from much of the federal service,' Hampton v. Mow Sun Wong, 426 U.S. 88, 106, 96 S.Ct. 1895, 48 L.Ed.2d 495 (1976) . . . and instituted a `system of merit appointment, based on competitive examination, . . . replacing a patronage system in which appointment had often been treated as a method of rewarding support at the polls.' [Id., at 107, 96 S.Ct. 1895.]" National Treasury Employees Union v. Horner, 654 F.Supp. 1159, 1161 (D.D.C.1987).
[3] The plaintiffs suggest that the rules and regulations at issue were never properly enacted; a position that is specious, at best.
[4] The problem calls for the special expertise of the defendant. "Any resolution of the controversy by this court might interfere with the development and administration of personnel department policy." Sharkey v. Stamford, 196 Conn. 253, 259, 492 A.2d 171 (1985) (defining time in grade for police officers).
[5] While time in grade may not be a perfect test of qualifications, it is a rational standard. Collini v. Cincinnati, 87 Ohio App.3d 553, 555-56, 622 N.E.2d 724 (1993); see also Hull v. Cason, 114 Cal.App.3d 344, 374, 171 Cal.Rptr. 14 (1981); Long v. Commissioner of Public Safety, 26 Mass.App. 61, 65-66, 523 N.E.2d 271 (1988). The requirement, a bona fide employment criterion, provides both a stable work force and fiscal stability. Dowd v. United States, 713 F.2d 720, 723 (Fed.Cir.1983); Girdis v. Equal Employment Opportunity Commission, 688 F.Supp. 40, 42-43 (D.Mass.1987). It is a matter solely within the discretion of a personnel director who need not bargain over the criteria. United States Dept. of Veterans Affairs v. Federal Labor Relations Authority, 9 F.3d 123, 132 (D.C.Cir.1993).