### CINDY MATTERA ET AL. *v.* CIVIL SERVICE COMMISSION OF THE CITY OF BRIDGEPORT
### (SC 17278)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued February 7—officially released April 5, 2005

*Susan V. Wallace,* with whom, on the brief, was *James C. Ferguson,* for the appellants (named plaintiff et al.).

*John R. Mitola,* associate city attorney, for the appellee (defendant).

*Barbara M. Schellenberg,* with whom, on the brief, was *Richard L. Albrecht,* for the appellee (intervening defendant Bridgeport Firefighters for Merit Employment, Inc.).

*Opinion*

PER CURIAM. The plaintiffs, who are Bridgeport firefighters and fire captains,[1] brought this action against the defendant, the civil service commission of the city of Bridgeport, seeking a declaratory judgment and injunctive relief directing the defendant to comply with city charter provisions governing eligibility to take promotional civil service examinations.[2] Specifically, the plaintiffs sought a declaratory judgment that an individual with one year tenure in his or her position would be eligible to take a promotional examination. They also asked the trial court to enjoin the defendant from requiring a three year time in grade tenure as a prerequi-

---

[1] The plaintiffs are firefighters Cindy Mattera, Alberto Hernandez, Craig Morgan and Johanna Georgia, and fire captains Manuel Firpi, Ivan Fossesiguroni, Lorenzo Pittman and Ismael Pomales.

[2] In June, 2003, the trial court, *Levin, J.,* granted the Bridgeport Firefighters for Merit Employment, Inc., permission to intervene as a party defendant. For convenience, we refer in this opinion to the civil service commission of the city of Bridgeport as the defendant.

site for promotional examination. The plaintiffs appeal[3] from the judgment of the trial court concluding that the defendant had established a valid civil service examination prerequisite and denying the plaintiffs' requests for declaratory and injunctive relief. We affirm the judgment of the trial court.

The record reveals the following stipulated facts. The various plaintiffs hold the positions of uniformed firefighter and fire captain with the city of Bridgeport and at the relevant times herein, have been employed in those capacities for more than one year, but less than three years. The firefighter plaintiffs desired to take an announced promotional examination for the position of pumper engineer. The fire captain plaintiffs desired to take an announced promotional examination for the position of fire assistant chief. The defendant's personnel director refused to permit the various plaintiffs to take the promotional examinations because they did not meet the announced experience requirement of three years service in their current positions, and the defendant upheld that decision when the plaintiffs appealed.

Section 211 (a) of chapter 17 of the Bridgeport charter provides in relevant part: "The personnel director shall . . . hold tests for the purpose of establishing employment lists for the various positions in the competitive division of the classified service. . . . *Promotion tests shall be public, competitive and free only to all persons . . . who have held a position for one year or more in a class or rank previously declared by the commission to involve the performance of duties which tend to fit the incumbent for the performance of duty in the class or rank for which the promotion test is held.* . . . A person who has served less than one year in a

---

[3] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

lower grade shall not be eligible for a promotion test. If fewer than two persons submit themselves for a promotion test, or if, after such test has been held, all applicants shall fail to attain a general average of not less than the minimum standard fixed by the rules of the commission, said director shall forthwith hold an original entrance test and certify from the employment list resulting therefrom. . . ." (Emphasis added.)

The Bridgeport charter provision and the defendant's rules have existed since 1935.[4] Since 1939, notices announcing promotional tests have included a three year time in grade requirement for eligibility to take the examinations for the positions for which the plaintiffs applied. On one occasion, in both 1989 and 1991, however, the city and the firefighters' union agreed to an exception to the three year requirement because there were no eligible candidates with three years time in grade. The plaintiffs' argument before the trial court was not that there was a lack of eligible candidates with three years time in grade, but rather that the Bridgeport charter and the defendant's rules preclude the defendant from requiring that an individual serve more than a one year tenure in a particular grade before becoming eligible for promotion.

The trial court, *Dewey, J.*, reading this court's decision in *Walker* v. *Jankura*, 162 Conn. 482, 294 A.2d 536 (1972), as giving the defendant "full discretion to determine the prerequisite qualifications for promotion," concluded that the defendant's three year prerequisite was a valid exercise of its discretion, both under the Bridgeport charter and in light of the defendant's rule that a candidate serve for " 'one year or more' " in his or her position before becoming eligible for promo-

---

[4] Section 207 (3) of chapter 17 of the Bridgeport charter directs the personnel director to "prepare and recommend rules and regulations for the administration of this act, administer such rules and regulations and propose amendments thereto . . . ."

tion. *Mattera* v. *Civil Service Commission*, 49 Conn. Sup. 224, 235, 870 A.2d 483 (2004). The trial court noted that time in grade is a "rational standard" and a "bona fide employment criterion . . . [that] provides both a stable work force and fiscal stability." Id., 237 n.5. This appeal followed.

On appeal, the plaintiffs claim that the trial court improperly: (1) disposed of the ultimate issue in the present case by presuming the legality of the three year practice; (2) committed plain error by holding that the three year time in grade requirement comports with the Bridgeport charter; (3) violated the separation of powers between the executive and legislative branches of government by allowing the defendant to change the Bridgeport charter unilaterally; and (4) contravened the public policy of this state underlying the merit-based civil service system.

"Our examination of the record on appeal, and the briefs and arguments of the parties, persuades us that the judgment of the trial court should be affirmed. Because the trial court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion therein contained." *Stebbins* v. *Doncasters, Inc.*, 263 Conn. 231, 234–35, 819 A.2d 287 (2003); *Morrissey* v. *Yale University*, 268 Conn. 426, 428–29, 844 A.2d 853 (2004); *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Wysocki*, 243 Conn. 239, 241, 702 A.2d 638 (1997).

The judgment is affirmed.