## MESSAGE CENTER MANAGEMENT, INC. *v.* COMMISSIONER OF REVENUE SERVICES (SC 17785)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued May 15—officially released June 19, 2007

*Paul M. Scimonelli,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellant (defendant).

*Charles H. Lenore,* with whom, on the brief, was *Daniel J. Foster,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, the commissioner of revenue services, appeals[1] from the judgment of the trial court sustaining the tax appeal, brought pursuant to General Statutes § 12-422,[2] of the plaintiff, Message Center Management, Inc. The defendant contends that the trial court improperly concluded that the plaintiff's business activities do not constitute taxable " '[s]ervices' " within the meaning of General Statutes § 12-407 (a) (37) (I).[3] *Message Center Management, Inc.* v. *Commissioner of Revenue Services,* 50 Conn. Sup. 317, 328, 927 A.2d 378 (2006). We affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. The plaintiff, a developer and operator of wireless communication sites, is in the business of identifying geographical areas without wireless

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] General Statutes § 12-422 provides in relevant part: "Any taxpayer aggrieved because of any order, decision, determination or disallowance of the Commissioner of Revenue Services under section 12-418, 12-421 or 12-425 may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom . . . ."

[3] General Statutes § 12-407 (a) provides in relevant part: "Whenever used in this chapter . . .

"(37) 'Services' for purposes of subdivision (2) of this subsection, means . . .

"(I) Services to industrial, commercial or income-producing real property, including, but not limited to, such services as management, electrical, plumbing, painting and carpentry . . . ."

coverage, constructing wireless towers or antennas to service those areas, and marketing that infrastructure to wireless carriers. To that end, the plaintiff contracts with property owners for the exclusive rights to construct and maintain the requisite equipment. Typically, these "management" agreements appoint the plaintiff as the exclusive managing agent for the property owner in exchange for a percentage of any licensing revenue that the plaintiff collects from sublicensing wireless carriers. Having determined that the foregoing business activities constituted taxable management services to industrial, commercial or income producing property, the defendant assessed sales and use tax against the plaintiff, which appealed that assessment to the trial court.

On appeal, the trial court examined the meaning of the word "management" in the context of " 'the nature of the services being rendered, and not what those services are called or termed by the service provider or service recipient . . . .' " Id., 324. Comparing the plaintiff's business activities with those of traditional retail and residential property managers, the court found that the "dominant economic characteristic of the transaction between the plaintiff and the property owner is the development by the plaintiff, at its own expense and risk, of a portion of an owner's property into a wireless communication site for the benefit of wireless carriers." Id., 328. Accordingly, the court concluded that the plaintiff's business activities were not taxable management services within the meaning of § 12-407 (a) (37) (I), and rendered judgment in favor of the plaintiff. This appeal followed.

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment of the trial court should be affirmed. The central issue of the applicability of the sales and use tax to the plaintiff's activities was properly

resolved in the thoughtful and comprehensive memorandum of decision filed by the trial court. See id. Because that memorandum of decision fully addresses the arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on that issue. It would serve no useful purpose for us to repeat the discussion therein contained. See *Lagassey* v. *State*, 281 Conn. 1, 5, 914 A.2d 509 (2007); *Mattera* v. *Civil Service Commission*, 273 Conn. 235, 239, 869 A.2d 637 (2005).

The judgment is affirmed.