SHAUN B. CASHMAN, COMMISSIONER OF LABOR *v.*
TOWN OF TOLLAND
(SC 17284)

Sullivan, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.

Argued September 6—officially released October 18, 2005

---

*Glenn A. Woods*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellant (plaintiff).

*Diana Garfield*, for the appellee (defendant).

*Opinion*

PER CURIAM. The issue in this appeal is whether the trial court, *Quinn, J.*, properly interpreted the language of General Statutes § 31-76b (2) in ruling that employees called into work outside of their normal working hours by the defendant, the town of Tolland (town), were entitled to be paid from the time they actually reported for work, and not from the time when they were first contacted to report for work.[1] The plaintiff, Shaun B. Cashman, the commissioner of labor (commissioner), brought an action pursuant to General

---

[1] The plaintiff, Shaun B. Cashman, the commissioner of labor (commissioner), clarified at oral argument that this action affected only those employees to whom the town gave little notice—"an hour or two"—before they were expected to report to work. The commissioner argued that these employees should be treated differently from those who received more advance, or what he termed "pre-arranged" notice, because the former did not have the opportunity to rearrange their affairs before reporting. The commissioner conceded that employees with greater advance notice need only be paid from the time that they actually reported to work.

Statutes §§ 31-68[2] and 31-72[3] against the town to collect unpaid wages on behalf of twenty-two town employees. Both parties moved for summary judgment, and after a hearing on both motions, the trial court rendered summary judgment in favor of the town. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The town employs the twenty-two employees

[2] General Statutes § 31-68 (a) provides in relevant part: "If any employee is paid by his employer less than the minimum fair wage or overtime wage to which he is entitled under sections 31-58, 31-59 and 31-60 . . . he may recover, in a civil action, twice the full amount of such minimum wage less any amount actually paid to him by the employer, with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between him and his employer to work for less than such minimum fair wage or overtime wage shall be no defense to such action. The commissioner may collect the full amount of unpaid minimum fair wages or unpaid overtime wages to which an employee is entitled under said sections or order, as well as interest calculated in accordance with the provisions of section 31-265 from the date the wages should have been received, had they been paid in a timely manner. In addition, the commissioner may bring any legal action necessary to recover twice the full amount of the unpaid minimum fair wages or unpaid overtime wages to which the employee is entitled under said sections or under an order, and the employer shall be required to pay the costs and such reasonable attorney's fees as may be allowed by the court. The commissioner shall distribute any wages or interest collected pursuant to this section to the employee or in accordance with the provisions of subsection (b) of this section."

[3] General Statutes § 31-72 provides in relevant part: "When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k or where an employee or a labor organization representing an employee institutes an action to enforce an arbitration award which requires an employer to make an employee whole or to make payments to an employee welfare fund, such employee or labor organization may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between him and his employer for payment of wages other than as specified in said sections shall be no defense to such action. The Labor Commissioner may collect the full amount of any such unpaid wages, payments due to an employee welfare fund or such arbitration award, as well as interest calculated in accordance with the provisions of section 31-265 from the date the wages or payment should have been received, had payment been made in a timely manner. In addition, the Labor Commissioner may bring any legal action necessary to recover twice the full amount of unpaid wages, payments due to an employee welfare fund or arbitration award, and the employer

pursuant to a collective bargaining agreement between the town and the employees' unions. The employees' responsibilities include keeping town roads and parking lots clean of snow. When the town needs employees to work in addition to their regular working schedules for snow removal purposes, a town official calls the employees by telephone to inform them and to ascertain their availability. Thereafter, the town official posts a schedule of job assignments at the designated arrival point and employees learn of their specific assignments when they "punch in" at work. The town's practice has been to pay its employees from the time that they "punch in" until the time that they complete their assignments, or for four hours of work, whichever is greater. The commissioner instituted this action seeking to collect $16,219.80 plus damages and reasonable fees allegedly due to the town employees for their time from the moment that they received calls asking them to report to work to the moment that they "punched in" on site. He argued that the employees were " 'notified of [their] assignment[s]' " within the meaning of General Statutes § 31-76b[4] when the town official called them. The town, in its motion for summary judgment, argued that the

shall be required to pay the costs and such reasonable attorney's fees as may be allowed by the court. . . ."

[4] General Statutes § 31-76b provides in relevant part: "(2) (A) 'Hours worked' include all time during which an employee is required by the employer to be on the employer's premises or to be on duty, or to be at the prescribed work place, and all time during which an employee is employed or permitted to work, whether or not required to do so . . . . (B) All time during which an employee is required to be on call for emergency service at a location designated by the employer shall be considered to be working time . . . whether or not the employee is actually called upon to work. (C) When an employee is subject to call for emergency service but is not required to be at a location designated by the employer but is simply required to keep the employer informed as to the location at which he may be contacted, or when an employee is not specifically required by his employer to be subject to call but is contacted by his employer . . . and assigned to duty, working time shall begin when the employee is notified of his assignment and shall end when the employee has completed his assignment . . . ."

employees were notified of their assignments when they punched in. The trial court rendered summary judgment in favor of the town and this appeal followed.[5]

Our examination of the record and briefs and our consideration of the arguments of the parties persuades us that the judgment of the trial court should be affirmed. The issues were resolved properly in the trial court's concise and well reasoned memorandum of decision. See *Cashman* v. *Tolland*, 49 Conn. Sup. 354, 883 A.2d 24 (2005). Accordingly, we adopt it as a proper statement of the issues and the applicable law concerning those issues. See *In re Heather L.*, 274 Conn. 174, 178–79, 874 A.2d 796 (2005).

The judgment is affirmed.

---

[5] The commissioner appealed to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.