LOUISETTE G. LAGASSEY, EXECUTRIX (ESTATE
OF WILFRED J. LAGASSEY) *v.* STATE
OF CONNECTICUT
(SC 17603)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued November 30, 2006—officially released January 9, 2007

*Gary J. Strickland,* for the appellant (plaintiff).

*Michael G. Rigg,* with whom was *Alan G. Danker, Jr.,* for the appellee (defendant).

*Opinion*

PER CURIAM. In this appeal, we consider whether the trial court properly concluded that the tolling provision of General Statutes § 4-160 (d)[1] operates only to suspend the running of the two year limitations period under the wrongful death statute, General Statutes § 52-555,[2] and does not cause that limitations period to begin running anew after the claims commissioner has granted a claimant permission to sue the state. The plaintiff, Louisette G. Lagassey, individually and as executrix of the estate of her decedent husband,[3] Wilfred J. Lagassey, brought this wrongful death action[4] against the defendant, the state of Connecticut. The

[1] General Statutes § 4-160 (d) provides: "No such action shall be brought but within one year from the date such authorization to sue is granted. With respect to any claim pending before the Claims Commissioner on October 1, 1992, or presented to the Claims Commissioner on or after said date for which authorization to sue is granted, any statute of limitation applicable to such action shall be tolled until the date such authorization to sue is granted. Action shall be brought against the state as party defendant in the judicial district in which the claimant resides or, if the claimant is not a resident of this state, in the judicial district of Hartford or in the judicial district in which the claim arose."

[2] General Statutes § 52-555 (a) provides: "In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of."

[3] After judgment was rendered in this case, the trial court granted the motion to substitute Paul Lagassey as party plaintiff in this case. For convenience sake, however, we refer to Louisette G. Lagassey as the plaintiff.

[4] The plaintiff also filed an individual claim for loss of consortium.

plaintiff appeals[5] from the judgment of the trial court granting the defendant's motion for summary judgment following the court's determination that the plaintiff's action was time barred. We affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. The plaintiff brought this wrongful death action against the defendant, claiming that certain of its employees, various health care providers at the John Dempsey Hospital and the University of Connecticut Health Center, negligently failed to diagnose and to treat her decedent's leaking abdominal aortic aneurysm, which caused his death on October 8, 1992. Pursuant to General Statutes § 4-141 et seq., the plaintiff filed a notice of claim with the claims commissioner (commissioner) on September 19, 1994, and received permission to sue the defendant on August 23, 2000. The plaintiff then filed this action on April 20, 2001.

The defendant first moved to dismiss, claiming that Special Acts 1996, No. 96-16, which had granted the plaintiff permission to sue pursuant to General Statutes § 4-148 (b) after the commissioner initially had dismissed her claim as being time barred, was a public emolument that violated article first, § 1, of the constitution of Connecticut. The trial court, *Beach, J.*, granted that motion to dismiss, but this court reversed that judgment, concluding that Special Act 96-16 was not an unconstitutional public emolument because the commissioner improperly had dismissed the claim at the administrative level, and we remanded the case to the trial court for further proceedings. See *Lagassey* v. *State*, 268 Conn. 723, 752–54, 846 A.2d 831 (2004).

After remand, the defendant moved for summary judgment, contending that the action was time barred

---

[5] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

because the plaintiff had failed to file this action within the nineteen days remaining in the applicable two year limitation period after August 23, 2000, when the commissioner had granted her permission to sue the defendant. Specifically, the defendant claimed that, under § 4-160 (d), the two year limitation period of § 52-555 began to run on October 8, 1992, when the decedent died as a result of the alleged medical malpractice, and the running of that two year period was suspended only when the plaintiff filed her notice of claim with the commissioner on September 19, 1994, leaving nineteen days remaining in the limitations period. In the defendant's view, when the commissioner granted the plaintiff permission to sue on August 23, 2000, she had nineteen days from that date to bring this action against the defendant, which she did not do until April 20, 2001. The trial court, *Stengel, J.*, agreed with the defendant's construction of § 4-160 (d) and granted its motion for summary judgment, concluding that the claim was time barred because the "tolling of the statute in the present case means only that the running of the statute is suspended and not that the limitations period begins over again." This appeal followed.

On appeal, the plaintiff contends that the trial court's interpretation of § 4-160 (d) renders superfluous the language in that statute providing that "[n]o such action shall be brought but within one year from the date such authorization to sue is granted." In addition to her text based arguments, the plaintiff relies on an introductory statement in the legislative history, as well as the history of sovereign immunity, and contends that, in actions against the state, the applicable statute of limitations does not begin to run until the commissioner grants authorization to sue. In the plaintiff's view, therefore, § 4-160 (d) tolls the operation of any other statute of limitation until after authorization to sue is granted, at which point, the claimant has one year to bring suit

against the state. In response, the defendant, relying on judicial definitions of the word "toll," the policies underlying the statutes governing limitations and claims against the state, and the fact that § 52-555 is a substantive "nonclaim" statute with a strictly construed jurisdictional time limitation, contends that the trial court properly interpreted § 4-160 (d).

Our examination of the record on appeal, and the briefs and arguments of the parties, persuades us that the judgment of the trial court should be affirmed. Because the trial court's memorandum of decision[6] fully addresses the arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion therein contained. See *Mattera* v. *Civil Service Commission*, 273 Conn. 235, 239, 869 A.2d 637 (2005); see also *Cashman* v. *Tolland*, 276 Conn. 12, 16, 882 A.2d 1236 (2005).

The judgment is affirmed.

---

[6] See *Lagassey* v. *State*, 50 Conn. Sup. 130, 913 A.2d 1153 (2005).