JOHN CORCORAN ET AL. *v.* CONNECTICUT SITING COUNCIL ET AL.
(SC 17808)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued October 23—officially released November 20, 2007

---

*Alan R. Spirer*, for the appellants (plaintiffs).

*Robert L. Marconi*, assistant attorney general, with whom were *Jennifer A. Herz*, certified legal intern, and, on the brief, *Richard Blumenthal*, attorney general, for the appellee (named defendant).

*Vanessa D. Roberts*, with whom were *Stephen J. Humes* and, on the brief, *Charles D. Ray*, for the appellee (defendant Omnipoint Facilities Network 2, LLC).

*Opinion*

PER CURIAM. This appeal arises from the decision of the named defendant, the Connecticut siting council (council), to approve the application of the defendant Omnipoint Facilities Network 2, LLC (Omnipoint), for a certificate of environmental compatibility and public need with respect to the construction of a wireless telecommunications tower on land leased from the Country Club of New Canaan, Inc. (country club). Two of the plaintiffs, John Corcoran and Wanda Corcoran,[1] appeal[2] from the judgment of the trial court dismissing their administrative appeal from the council's decision.[3] On appeal, the plaintiffs claim, inter alia, that the trial court improperly concluded that General Statutes § 16-

[1] Also named as plaintiffs are James E. Lineberger, Harrietjo Lineberger, Lewis D. Bakes and Thomas A. Champion. All references herein to the plaintiffs are to John Corcoran and Wanda Corcoran.

[2] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[3] The town of New Canaan (town) also filed an administrative appeal from the council's decision, which the trial court consolidated with this case and dismissed in the same decision that is the subject of this appeal. The town has not filed any further appeals from the judgment of the trial court.

50p (g)[4] did not limit the council's discretion in cases wherein an applicant has already " 'acquired land or an interest therein for the purpose of constructing' " a wireless telecommunications tower. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. There is a large gap in wireless communications coverage north of downtown New Canaan along state highway Route 123, also known as Smith Ridge Road, Route 29 and Route 124. To address this gap, Omnipoint, a subsidiary of the defendant wireless carrier T-Mobile, USA, Inc. (T-Mobile), leased a twenty-three foot by nineteen foot site on the property of the country club adjacent to Route 123, for the construction of a 110 foot tall wireless telecommunications tower.[5] The plaintiffs objected, however, to this particular location because both Route 123 and the home of the plaintiffs are located within the "fall zone" of the tower.[6] Although an alternate location for the tower was identified on the interior of the country club's property, the country club would not agree to permit Omnipoint to use that location.[7]

Omnipoint applied to the council pursuant to General Statutes § 16-50k for a certificate of environmental compatibility and public need for the construction of the tower. Following public hearings, at which the plaintiffs

---

[4] General Statutes § 16-50p (g) provides: "In making its decision as to whether or not to issue a certificate, the council shall in no way be limited by the fact that the applicant may already have acquired land or an interest therein for the purpose of constructing the facility which is the subject of its application."

[5] The tower would be painted brown to blend in with surrounding trees and utility poles.

[6] The "fall zone" of a tower, which is intended to accommodate a potential tower collapse, is the circular area of land beneath the tower whose radius is equivalent to the height of the tower.

[7] Omnipoint also considered placing the tower on town owned land, but determined that this location was not feasible because it would not provide sufficient coverage and would require an additional tower.

were given party status, the council approved the application subject to numerous conditions, including that the "tower shall be constructed as a silhouette structure, no taller than necessary to provide the proposed telecommunications services, sufficient to accommodate the antennas of T-Mobile, AT&T Wireless and other entities, both public and private, but such tower shall not exceed a height of 110 feet above ground level. Antennas shall be installed on the inside of the silhouette structure and [Omnipoint] shall consult with the [t]own . . . and the landowner to decide on the color of the structure." The plaintiffs appealed from the decision of the council to the trial court pursuant to General Statutes § 16-50q.[8] The trial court rendered judgment dismissing the administrative appeals, and this appeal followed.

On appeal, the plaintiffs claim, inter alia, that the trial court improperly concluded that: (1) § 16-50p (g) did not limit the council's discretion in cases wherein an applicant has already " 'acquired land or an interest therein for the purpose of constructing' " a wireless telecommunications tower; (2) the council's decision was not arbitrary or capricious, despite the fact that the proposed tower impacts scenic vistas and its "fall zone" extends onto a state highway and neighboring properties; and (3) the council's failure to consider other "feasible and prudent alternatives to the application" was not arbitrary, capricious and an abuse of its discretion.

Our examination of the record on appeal and the briefs and arguments of the parties, persuades us that the judgment of the trial court should be affirmed.

---

[8] General Statutes § 16-50q provides: "Any party may obtain judicial review of an order issued on an application for a certificate or an amendment of a certificate in accordance with the provisions of section 4-183. Any judicial review sought pursuant to this chapter shall be privileged in respect to assignment for trial in the Superior Court."

Because the trial court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt the trial court's concise and well reasoned decision as a statement of the facts and the applicable law on these issues. *Corcoran* v. *Connecticut Siting Council*, 50 Conn. Sup. 443, 934 A.2d 870 (2006). It would serve no useful purpose for us to repeat the discussion therein contained. See, e.g., *Lagassey* v. *State*, 281 Conn. 1, 5, 914 A.2d 509 (2007); *Cashman* v. *Tolland*, 276 Conn. 12, 16, 882 A.2d 1236 (2005).

The judgment is affirmed.