## UNIVERSAL UNDERWRITERS INSURANCE COMPANY *v.* ERIC J. PARADIS ET AL.
### (SC 17756)
### (SC 17757)

Norcott, Katz, Palmer, Zarella and Schaller, Js.

Argued November 20, 2007—officially released February 5, 2008

---

*Jack G. Steigelfest*, with whom were *Richard L. Zayas* and *Herbert Watstein*, for the appellants (defendant Christopher Lamont et al.).

*Ralph W. Johnson III*, with whom were *Daniel P. Scapellati* and, on the brief, *Regen O'Malley*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendants Christopher Lamont and Jorge F. De Los Rios, the administrator of the estate of Felix De Los Rios (decedent), appeal from the judgment of the trial court declaring that a unicover insurance policy issued by the plaintiff, the Universal Underwriters Insurance Company, does not provide umbrella liability coverage for the named defendant, Eric J. Paradis.[1] On appeal,[2] the defendants contend that

---

[1] The trial court granted the plaintiff's motion for a default judgment against Paradis, who failed to appear in either the trial court or in this court. Hereinafter, references to the defendants in this opinion are to Christopher Lamont and Jorge F. De Los Rios.

[2] The defendants appealed separately from the judgment of the trial court to the Appellate Court, and we transferred their appeals to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. Thereafter, we granted the defendants' motion to consolidate their appeals for the purpose of briefing and argument. See Practice Book § 61-7.

the trial court improperly: (1) concluded that General Statutes § 31-293a[3] did not require the plaintiff to provide umbrella coverage for Paradis with respect to their claims against him in personal injury and wrongful death actions; and (2) interpreted the unicover policy to conclude that it does not extend umbrella coverage to Paradis. We affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. In October, 2002, the decedent, Lamont and Paradis were employees of Crowley Chrysler-Plymouth, Inc. (Crowley), and were involved in a single vehicle accident while traveling between two of Crowley's facilities. The accident injured Lamont and killed the decedent. Thereafter, Lamont and the estate of the decedent each brought a civil action against Crowley and Paradis, who had been driving the motor vehicle at the time of the accident (underlying actions). The plaintiff defended Crowley and Paradis pursuant

---

[3] General Statutes § 31-293a provides: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. For purposes of this section, contractors' mobile equipment such as bulldozers, powershovels, rollers, graders or scrapers, farm machinery, cranes, diggers, forklifts, pumps, generators, air compressors, drills or other similar equipment designed for use principally off public roads are not 'motor vehicles' if the claimed injury involving such equipment occurred at the worksite on or after October 1, 1983. *No insurance policy or contract shall be accepted as proof of financial responsibility of the owner and as evidence of the insuring of such person for injury to or death of persons and damage to property by the Commissioner of Motor Vehicles required by chapter 246 if it excludes from coverage under such policy or contract any agent, representative or employee of such owner from such policy or contract. Any provision of such an insurance policy or contract effected after July 1, 1969, which excludes from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee shall be null and void.*" (Emphasis added.)

to the unicover policy, which the plaintiff had issued to Crowley and was in effect at the time of the accident. The court subsequently granted Crowley's motion for summary judgment in the action brought by the decedent's estate, and Lamont thereafter withdrew his action against Crowley.[4]

Although Crowley no longer was a party to the underlying actions, the plaintiff acknowledged its duty to continue to defend and to indemnify Paradis pursuant to the terms of the garage operations and automobile hazard section of the unicover policy, part 500 thereof (garage coverage). The plaintiff denied, however, any obligation to indemnify Paradis pursuant to the umbrella section of the unicover policy, part 980 thereof (umbrella coverage), on the ground that he was neither a "named insured" nor a "designated person" under that portion of the policy. The distinction between the two different kinds of coverage is significant to the present case because the garage coverage provides automobile liability coverage with a limit of $500,000, while the umbrella coverage would provide liability coverage up to $10 million.

Thereafter, the plaintiff brought this action seeking a declaratory judgment that it has no duty under the unicover policy's umbrella coverage to indemnify Paradis in either of the underlying actions. Subsequently, each of the defendants moved for summary judgment. The plaintiff filed an objection to the defendants' motions for summary judgment, and also filed its own cross motion for summary judgment.

The trial court, *Bryant, J.*, denied the motion for summary judgment filed by the administrator of the decedent's estate and granted the plaintiff's cross

---

[4] The court concluded that Crowley was not liable because the workers' compensation coverage that it had secured was the exclusive remedy for the decedent and Lamont, who were its employees.

motion for summary judgment. The trial court noted that, because the unicover policy "explicitly name[d] the individual insureds for each coverage part separately"; *Universal Underwriters Ins. Co.* v. *Paradis*, 50 Conn. Sup. 486, 493,    A.2d    (2006); and Paradis was not listed as a designated person under the umbrella coverage, "[t]he definition of an insured for such coverage has a definite and precise meaning concerning which there is no reasonable basis for a difference of opinion. As a consequence, efforts by [the defendants] to assert that Paradis had umbrella coverage must fail." Id., 495. The trial court also concluded that § 31-293a; see footnote 3 of this opinion; did not require the extension of umbrella coverage to Paradis, because it "operate[s] to enforce the law requiring the minimum coverage mandated by law, [namely, General Statutes § 14-112 (a)][5] but not more." *Universal Underwriters Ins. Co.* v. *Paradis*, supra, 499. The court concluded that the "[m]andatory minimum insurance required by § 14-112 (a) does not abrogate the clear and unambiguous language of [the] unicover policy, which affords different coverages to different classes of Crowley officers and employees. The statutory purpose of the minimum insurance statute is satisfied by Crowley's automotive coverage and, therefore, the financial responsibility law does not create coverage

[5] General Statutes § 14-112 (a) provides in relevant part: "To entitle any person to receive or retain . . . a certificate of registration of any motor vehicle when, in the opinion of the commissioner, such person has a record on file with the commissioner which is sufficient, in the opinion of the commissioner, to require evidence of financial responsibility for the reasonable protection of other persons, the commissioner shall require from such person proof of financial responsibility to satisfy any claim for damages by reason of personal injury to, or the death of, any one person, of twenty thousand dollars, or by reason of personal injury to, or the death of, more than one person on account of any accident, of at least forty thousand dollars, and for damage to property of at least ten thousand dollars. . . ."

under the umbrella coverage."[6] Id., 501. The court then determined that the $500,000 garage coverage limit "more than satisfied" the financial responsibility provisions of § 31-293a. Id., 501. Accordingly, the court rendered judgment in favor of the plaintiff. This appeal followed.

On appeal, the defendants claim, inter alia, that: (1) § 31-293a mandates umbrella coverage for Paradis in the underlying action because the unicover policy properly is read as a single policy, rather than multiple policies, and the plain language of § 31-293a thereby precludes the exclusion of Paradis from the umbrella coverage; and (2) the fact that the policy provides the minimum coverage required by the financial responsibility laws does not save it from being nevertheless " 'null and void' " under § 31-293a. The defendants also contend that the trial court improperly construed the terms of the umbrella coverage as not extending to Paradis.

Our examination of the record on appeal and the briefs and arguments of the parties, persuades us that the judgment of the trial court should be affirmed. Because the trial court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt the trial court's concise and well reasoned decision as a statement of the facts and the applicable law on these issues. *Universal Underwriters Ins. Co.* v. *Paradis,* supra, 50 Conn. Sup. 486. It would serve no useful purpose for us to repeat the discussion therein contained. See, e.g., *Lagassey* v. *State,* 281 Conn. 1, 5, 914 A.2d 509 (2007); *Cashman* v. *Tolland,* 276 Conn. 12, 16, 882 A.2d 1236 (2005).

The judgment is affirmed.

---

[6] The trial court also concluded that "Connecticut's financial responsibility law does not require and therefore does not govern the umbrella coverage of Crowley's unicover policy" because the umbrella coverage was voluntary since the statutory conditions requiring the procurement of minimum coverage did not exist in this case.