## VIP OF BERLIN, LLC *v.* TOWN OF BERLIN ET AL.
### (SC 18039)

Rogers, C. J., and Norcott, Katz, Palmer and Schaller, Js.

Argued April 14—officially released May 27, 2008

*Daniel A. Silver*, for the appellant (plaintiff).

*Erika L. Amarante*, with whom were *Robert G. Huelin* and, on the brief, *Robert F. Weber, Jr.*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, VIP of Berlin, LLC, brought this action against the defendants, the town of Berlin (town), and the town manager, Herman Middlebrooks, Jr., seeking a judgment declaring that the town's enactment of § 14-291 (c) of the Berlin municipal code[1] constitutes an ultra vires act, and that the provision is, therefore, unenforceable. The parties filed cross motions for summary judgment and the trial court rendered summary judgment in favor of the defendants.

[1] Section 14-291 (c) of the Berlin municipal code provides: "No sexually oriented business shall be permitted on a site that is less than 250 feet from any residentially zoned land as defined in the town zoning regulations."

The plaintiff then filed this appeal.[2] We affirm the judgment of the trial court.

For purposes of ruling on the parties' motions for summary judgment, the trial court assumed the truth of the following allegations made by the plaintiff in its complaint. The plaintiff owns property at 717 Berlin Turnpike in Berlin. The property is zoned for retail use and the existing building and parking constitute a valid nonconforming use.[3] The plaintiff wanted to operate a retail business on the property for the purpose of selling " 'lingerie, club wear, women's shoes, lotions, oils, greeting cards, gag gifts, as well as sexually explicit DVDs, books, magazines,' and other products." Middlebrooks determined that the proposed use of the property constituted a sexually oriented business under § 14-242 of the municipal code[4] and, therefore, required a license under § 14-261 (a) of the municipal code.[5] Because the location of the property was within 250 feet of a residence, the plaintiff was ineligible to receive a license under § 14-291 (c) of the municipal code.[6]

The plaintiff brought this action for a declaratory judgment, contending that the town lacked authority to adopt § 14-291 (c) of the municipal code because the provision constituted a zoning ordinance and the town

[2] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[3] The record does not reveal in what respect the existing use of the property is nonconforming.

[4] Section 14-242 of the Berlin municipal code provides in relevant part: "Sexually oriented business means: (1) An . . . adult oriented store . . . ."

[5] Section 14-261 (a) of the Berlin municipal code provides in relevant part: "[I]t shall be unlawful for any person to engage in, conduct or carry on or permit to be engaged in, conducted or carried on, in or upon any premises in the town, the operation of a sexually oriented business without first obtaining a license to operate from the town."

[6] The plaintiff alleged in its complaint that it did not apply for a license to operate a sexually oriented business because doing so would have been futile.

planning and zoning commission had exclusive authority to adopt zoning ordinances. Accordingly, the plaintiff argued, the ordinance was unenforceable. Thereafter, the plaintiff filed a motion for summary judgment, claiming that there was no genuine issue of material fact that the ordinance was unenforceable. The defendants objected to the plaintiff's motion for summary judgment and filed a cross motion for summary judgment. The trial court denied the plaintiff's motion for summary judgment and rendered judgment for the defendants on the plaintiff's complaint.[7] This appeal followed.

Our examination of the record on appeal, and the briefs and arguments of the parties, persuades us that the judgment of the trial court should be affirmed. Because the trial court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt the trial court's concise and well reasoned decision as a statement of the facts and the applicable law on these issues. See *VIP of Berlin, LLC* v. *Berlin*, 50 Conn. Sup. 542, 951 A. 2d 714 (2007). It would serve no useful purpose for us to repeat the discussion therein contained. See, e.g., *Lagassey* v. *State*, 281 Conn. 1, 5, 914 A.2d 509 (2007); *Cashman* v. *Tolland*, 276 Conn. 12, 16, 882 A.2d 1236 (2005).

The judgment is affirmed.

---

[7] In their cross motion for summary judgment, the defendants claimed that they were entitled to a declaratory judgment upholding the validity of the challenged ordinance as a matter of law. The trial court concluded that, because the defendants had not brought a counterclaim seeking a declaratory judgment, they could not prevail on that portion of their claim.