THE WHITE SANDS BEACH ASSOCIATION, INC.
*v.* MARY BOMBACI ET AL.
(SC 17904)

Rogers, C. J., and Norcott, Katz, Palmer and Zarella, Js.

Argued April 23—officially released June 10, 2008

---

*David J. Tycz*, with whom was *Joseph E. Milardo, Jr.*, for the appellants (defendants).

*Susan M. Phillips*, with whom was *Nicholas F. Kepple*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendants, Mary Bombaci, Frank LaBella, Francis LaBella, Jr., John L. LaBella, Joseph W. LaBella and Mary L. Green, appeal[1] from the judgment of the trial court foreclosing various tax liens placed by the plaintiff, The White Sands Beach Association, Inc., on the defendants' real property and rejecting the counterclaims raised by the defendants in relation to those liens. The defendants claim that the court improperly: (1) concluded that the plaintiff lawfully had annexed the defendants' property pursuant to the enabling act governing the plaintiff; (2) applied the equitable doctrine of laches in rejecting the defendants' counterclaims; (3) found laches in the absence of evidence of prejudice; and (4) failed to act upon the defendants' motion to assess costs pursuant to Practice Book § 13-25.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff is a quasi-municipal corporation within the territorial limits of the town of Old Lyme that was formed by a special act of the legislature in 1927. See 20 Spec. Acts 489, No. 475 (1927).

---

[1] The defendants filed their appeal with the Appellate Court and, thereafter, we transferred it to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] Practice Book § 13-25 provides: "If a party fails to admit the genuineness of any document or the truth of any matter as [sought by an opposing party via a request for admission], and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, such party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The judicial authority shall make the order unless it finds that such failure to admit was reasonable."

In February, 2004, the plaintiff brought an action seeking to foreclose liens for taxes it had assessed against the defendants' property[3] in the years 1999 through 2002. The defendants counterclaimed, alleging that, because the plaintiff had not annexed their property in the manner prescribed by the enabling special act, that property was not subject to taxation by the plaintiff. On March 23, 2005, the defendants served the plaintiff with a request for admissions pertaining to their counterclaim, to which the plaintiff, on April 27, 2005, provided a detailed response. On August 30, 2005, the defendants filed a motion to assess costs pursuant to General Statutes § 13-25 in which they requested reimbursement for the expenses they had incurred in hiring a title searcher and expert witness, William Howard, whose services they claimed had been necessitated by the plaintiff's failure to admit certain unspecified facts. On October 7, 2005, the plaintiff objected to the defendants' motion arguing, inter alia, that it was premature.

On October 18, 2005, the parties stipulated to a bifurcation of the foreclosure action. Pursuant to the stipulation, the defendants agreed to a judgment of strict foreclosure as to the tax liens for the years identified in the plaintiff's complaint with the condition that they could pursue their claim of invalid assessment for future tax years. On October 24, 2005, the defendants filed an amended counterclaim repeating their allegation that the plaintiff improperly had annexed their property, rendering any tax assessment invalid, and alleging additionally that the plaintiff had not followed certain requirements of the special act in effecting its own formation, and, therefore, lacked the authority to levy

[3] Francis LaBella, Jr., John L. LaBella, Mary L. Green and Joseph W. LaBella are fee owners of the subject property, and Mary Bombaci and Frank LaBella hold life interests in it.

taxes.[4] They claimed further that the plaintiff had violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., and that the plaintiff had slandered the defendants' title to their property. In its answer, the plaintiff raised special defenses that the defendants' counterclaims were time barred, either by the equitable doctrine of laches or the statute of limitations contained in General Statutes § 12-119. See footnote 4 of this opinion.

Following a bench trial, the court, in a December 15, 2006 memorandum of decision, found in favor of the plaintiff on all counts of the defendants' counterclaim. The court determined first that the defendants had not proven that the plaintiff's failure to comply with the applicable special act provisions had rendered it without authority to tax the defendants' property. The court then concluded that that determination was dispositive of the defendants' remaining claims. The court, in part, agreed with the plaintiff that the defendants were barred by laches from asserting procedural irregularities. This appeal followed.[5]

---

[4] The defendants raised these claims pursuant to the authority of General Statutes § 12-119, which provides in relevant part that "[w]hen it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set . . . the owner thereof . . . prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation . . . ."

[5] The defendants filed their appeal on January 3, 2007. On June 4, 2007, while the appeal was pending, the defendants filed a lengthy motion for articulation with the trial court requesting, inter alia, that the court answer the following question: "Shall the plaintiff pay to the defendants their costs, including expert witness fees and attorney's fees, which were incurred by the defendants to establish certain facts found by the court after trial, which facts the plaintiff failed to admit in response to [the] defendants' Request for Admission dated March 23, 2005?" The trial court denied the requested articulation, and the defendants filed with this court a motion for review of that denial. We thereafter granted the defendants' motion for review but denied the relief requested therein.

The defendants now claim that the trial court improperly concluded that the plaintiff lawfully had annexed the defendants' property pursuant to the enabling act governing the plaintiff, applied the equitable doctrine of laches in rejecting the defendants' counterclaims and found laches in the absence of evidence of prejudice.[6]

After examining the record on appeal and considering the briefs and arguments of the parties in regard to these issues, we are persuaded that the judgment of the trial court should be affirmed. Because the trial court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt the trial court's thorough and well reasoned decision as a statement of the facts and the applicable law on these issues. See *White Sands Beach Assn., Inc.* v. *Bombaci*, 50 Conn. Sup. 577, 950 A.2d 624 (2006). No purpose would be served were we to repeat the discussion therein contained. See, e.g., *Universal Underwriters Ins. Co.* v. *Paradis*, 285 Conn. 342, 347, 940 A.2d 730 (2008); *Lagassey* v. *State*, 281 Conn. 1, 5, 914 A.2d 509 (2007).

The judgment is affirmed.

---

[6] The defendants also claim that the trial court improperly failed to act upon their motion to assess costs pursuant to Practice Book § 13-25. We conclude that this claim, which has been briefed only sparsely, lacks merit. Section 13-25, by its terms, contemplates that motions to assess costs be considered and decided postjudgment. See, e.g., *Krasowski* v. *Fantarella*, 51 Conn. App. 186, 194–97, 720 A.2d 1123 (1998), cert. denied, 247 Conn. 961, 723 A.2d 815 (1999). Until the trial court determines what facts have been proven true or what documents have been shown to be genuine, any argument that a party wrongfully has refused to admit their truth or genuineness necessarily is premature. Here, the defendants prepared their motion long before trial, then attempted to argue it in their posttrial brief. Because they lacked the benefit of the trial court's findings, however, their arguments were vague and failed to connect the particular requests made and answers given to the specific facts ultimately found. Moreover, there is no indication that the defendants attempted to reclaim their motion after receiving the court's memorandum of decision; rather, they belatedly tried to resurrect it through a motion for articulation filed ancillary to this appeal. See footnote 5 of this opinion. Under the circumstances, the court's refusal to decide the motion to assess costs was not improper.