******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## SANDRA HARVEY, ADMINISTRATRIX (ESTATE OF ISAIAH BOUCHER) *v.* DEPARTMENT OF CORRECTION ET AL.
### (AC 40956)

DiPentima, C. J., and Sheldon and Prescott, Js.

*Syllabus*

The plaintiff administratrix of the estate of the decedent, B, sought to recover damages from the state defendants, the Department of Correction and its inmate health care provider, for the wrongful death of B. On July 16, 2015, the Claims Commissioner had waived the state's sovereign immunity and authorized B to bring a medical malpractice action against the state defendants, but B died on September 26, 2015, without having done so. On September 29, 2016, the plaintiff commenced this wrongful death action on behalf of B's estate. Thereafter, the state defendants filed a motion to dismiss the action, claiming that it was time barred pursuant to the statute (§ 4-160 [d]) that requires a plaintiff who has been granted authorization to sue the state by the Claims Commissioner to bring an action within one year from the date that the authorization was granted, and, therefore, that they were entitled to dismissal of the action for lack of subject matter jurisdiction under the doctrine of sovereign immunity. The trial court granted the state defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Held*:

1. The plaintiff could not prevail on her claim that the trial court improperly granted the state defendants' motion to dismiss, which was based on her claim that the applicable statute of limitations set forth in the wrongful death statute (§ 52-555), which permits a wrongful death action to be brought within two years from the date of the decedent's death, had not expired and is not limited by § 4-160 (d), and, therefore, her action was not untimely: to bring a timely action against the state defendants, the plaintiff had to comply with both the one year limitation period provided in § 4-160 (d) and the statute of limitations for her wrongful death action set forth in § 52-555, and because her action was not commenced within one year from the date that the Claims Commissioner granted authorization to sue, that authorization had expired, and, therefore, the plaintiff's action was barred by the state's sovereign immunity and the trial court properly dismissed it for lack of subject matter jurisdiction; moreover, the plaintiff's reliance on certain case law in support of her claim was unavailing, as those cases were either misinterpreted by the plaintiff or inapposite.

2. The plaintiff could not prevail on her claim that her action was timely because the one year limitation period prescribed in § 4-160 (d) was extended by statute (§ 52-594); even if § 52-594 were applicable and the plaintiff's contention that it prevents the expiration of the commissioner's waiver of sovereign immunity for one year following the death of a successful claimant to allow a representative of the claimant's estate an opportunity to file an action were correct, the plaintiff's action was still untimely, as it was not commenced within one year of the date B's death.

Argued December 11, 2018—officially released April 2, 2019

*Procedural History*

Action to recover damages for the wrongful death of the plaintiff's decedent as a result of the defendants' alleged medical malpractice, brought to the Superior Court in the judicial district of Hartford, where the court, *Elgo, J.*, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed*.

*Juri E. Taalman*, with whom, on the brief, was *David*

*W. Bush*, for the appellant (plaintiff).

*James M. Belforti*, assistant attorney general, with whom, on the brief, was *George Jepsen*, former attorney general, for the appellees (defendants).

*Opinion*

PRESCOTT, J. The plaintiff, Sandra Harvey, administratrix of the estate of Isaiah Boucher, appeals from the judgment of the trial court dismissing the wrongful death action filed against the defendants, the Department of Correction and the University of Connecticut Health Center Correctional Managed Health Care, to which we collectively refer in this opinion as the state. On July 16, 2015, the Claims Commissioner (claims commissioner) authorized Boucher to bring a medical malpractice action against the state. Boucher, however, died during September, 2015, without having filed an action, and the plaintiff did not commence the underlying action on behalf of Boucher's estate until more than one year later. The state filed a motion to dismiss the action because it was untimely pursuant to General Statutes § 4-160 (d),[1] which requires a party who is granted authorization by the claims commissioner to sue the state to do so within one year from the date such authorization is granted. The plaintiff claims on appeal that the court improperly granted the state's motion to dismiss because the statute of limitations set forth in General Statutes § 52-555 (a), which permits a wrongful death action to be brought within two years from the date of the decedent's death,[2] had not expired and is not limited by § 4-160 (d). Alternatively, the plaintiff claims that the one year limitation period prescribed in § 4-160 (d) was extended in this case by operation of General Statutes § 52-594, and, therefore, her action was timely. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts, as set forth by the court in its memorandum of decision or as taken from the complaint and viewed in a light most favorable to the plaintiff, are relevant to our consideration of the present appeal. Boucher became ill and eventually was diagnosed with oropharyngeal cancer while incarcerated and in the care and custody of the Department of Correction. In June, 2013, he underwent "a biopsy and surgery for a tracheotomy with a trachlaryngoscopy . . . ." In June, 2015, he filed a notice of claim with the claims commissioner, seeking permission to file a medical malpractice action against the state.[3] On July 16, 2015, the claims commissioner rendered a decision authorizing Boucher to sue the state. In his finding and order, the claims commissioner indicated that "[the] grant of permission to sue is limited to that portion of the claim alleging malpractice against the state, a state hospital or a sanitarium or against a physician, surgeon, dentist, podiatrist, chiropractor, or all other licensed health care providers employed by the state." (Internal quotation marks omitted.)

Boucher died on September 26, 2015, as a result of the progression of his cancer. On March 23, 2016, the plaintiff was appointed as the administratrix of Bou-

cher's estate. In that capacity, on September 29, 2016, the plaintiff commenced the underlying action against the state.

The state filed a motion to dismiss the action on November 1, 2016. The state asserted in its motion that, pursuant to § 4-160 (d), the plaintiff's claims were time barred and should be dismissed. Specifically, the state argued that § 4-160 (d) requires a plaintiff who has obtained authorization to sue the state from the claims commissioner to bring an action within one year from the date that the commissioner grants authorization. Here, the plaintiff filed the action seventy-three days beyond that one year limitation period, and, thus, the state claimed that the action was untimely and barred by sovereign immunity.

The plaintiff filed an objection and a memorandum of law in opposition to the motion to dismiss. According to the plaintiff, because § 52-555 creates a statutory cause of action for wrongful death that did not exist at common law, that statute must be strictly construed, and the two year statute of limitations embodied in the statute cannot be extended, modified or enlarged in scope.[4] In other words, the plaintiff argues that despite the clear and unambiguous language of § 4-160 (d) requiring an action to be brought within one year of obtaining authorization from the claims commissioner, she had "within two years from the date of death" of Boucher to commence a wrongful death action, and, therefore, her action was timely despite any noncompliance with § 4-160 (d). According to the plaintiff, the one year statutory period for filing a claim against the state is inoperative under the present circumstances and cannot be construed properly to reduce the time period for filing her wrongful death action.

The trial court, *Elgo, J.*, agreed with the state's position and granted the motion to dismiss in a memorandum of decision filed on June 21, 2017. The court noted that any waiver of the state's sovereign immunity must be narrowly construed, and, thus, any statutory limitation period placed on bringing an action against the state must also be strictly applied. The court concluded that "the plaintiff, in attempting to bring a statutory cause of action against the state, must comply with two time limitations: (1) the one year limitation to bring suit after authorization is given to sue; and (2) the original statute of limitations on the underlying cause of action. Failure to comply with either deprives the court of subject matter jurisdiction and is grounds for dismissal. . . . Given that the plaintiff's authorization to sue ended on July 16, 2016, and the plaintiff commenced this action after that date, this court lacks subject matter jurisdiction."[5]

The plaintiff filed a motion for reconsideration and reargument on July 10, 2017. In that motion, the plaintiff argued for the first time that the one year limitation

period of § 4-160 (d) was extended by operation of § 52-594, which provides in relevant part that "[i]f the time limited for the commencement of any personal action, which by law survives to the representative of a deceased person, has not elapsed at the time of the person's death, one year from the date of death shall be allowed to his executor or administrator to institute an action therefor. . . ." According to the plaintiff, at the time Boucher died on September 26, 2015, his authorization to bring an action against the state had not expired and, therefore, under § 52-594, the plaintiff should have had until September 26, 2016, to bring an action. The state filed a memorandum in opposition to the plaintiff's motion, and the plaintiff filed a reply to the opposition. The court denied the plaintiff's motion for reconsideration and reargument without a hearing and without comment on September 28, 2017. This appeal followed.

We begin with our standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [decision to] grant . . . the motion to dismiss will be de novo. . . . [T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Citation omitted; internal quotation marks omitted.) *Columbia Air Services*, *Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 346–47, 977 A.2d 636 (2009).

"When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Id., 347.

I

The plaintiff first claims that the court improperly granted the state's motion to dismiss on the ground that she failed to comply with the one year limitation period set forth in § 4-160 (d) because the applicable statute of limitations for a wrongful death action is the two year period set forth in § 52-555 and that limitation period cannot be limited by operation of § 4-160 (d). The state responds that the plaintiff's claim lacks merit because it ignores the plain language of § 4-160 (d), which imposes a time limit on the claims commissioner's waiver of sovereign immunity, and is premised on a misreading of case law. We agree with the state.

"The principle that the state cannot be sued without its consent, or sovereign immunity, is well established under our case law. . . . It has deep roots in this state and our legal system in general, finding its origin in ancient common law." (Citation omitted; internal quotation marks omitted.) *C. R. Klewin Northeast, LLC* v. *Fleming*, 284 Conn. 250, 258, 932 A.2d 1053 (2007). "Exceptions to this doctrine are few and narrowly construed under our jurisprudence." Id. "[B]ecause the state has permitted itself to be sued in certain circumstances, [our Supreme Court] has recognized the well established principle that statutes in derogation of sovereign immunity should be strictly construed. . . . Where there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity. . . . [T]he state's sovereign right not to be sued without its consent is not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed." (Citations omitted; internal quotation marks omitted.) *White* v. *Burns*, 213 Conn. 307, 312–13, 567 A.2d 1195 (1990). "Among the statutes in derogation of sovereignty and subject to the rule requiring strict construction in favor of the state are those allowing suits against the state or its representative, creating a claim against the state or waiving immunity from liability." *Berger, Lehman Associates, Inc.* v. *State*, 178 Conn. 352, 356, 422 A.2d 268 (1979).

"In the absence of a statutory waiver of sovereign immunity, the plaintiff may not bring an action against the state for monetary damages without authorization from the claims commissioner to do so. [A] plaintiff who seeks to bring an action for monetary damages against the state must first obtain authorization from the claims commissioner [in accordance with § 4-160 (a)]. . . . When sovereign immunity has not [otherwise] been waived, the claims commissioner is authorized by [§ 4-160] to hear monetary claims against the state . . . . This legislation expressly bars suits upon claims cognizable by the claims commissioner except as [the commissioner] may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the [claims] commissioner or other statutory provisions." (Citations omitted; internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, supra, 293 Conn. 351–52. Because § 4-160 authorizes the claims commissioner to waive sovereign immunity and grant permission to sue the state, the statute is in derogation of common-law sovereign immunity and, therefore, must be strictly and narrowly construed.

Section 4-160 contains limits on when and how an action may be brought if authorization to sue is given by the claims commissioner. Specifically, subsection

(d) provides in relevant part: "No such action shall be brought but within one year from the date such authorization to sue is granted. . . ." General Statutes § 4-160 (d). "[When] . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation[s] . . . but rather is a limitation on the liability itself, and not of the remedy alone. . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised [by the court] at any time . . . and may not be waived." (Internal quotation marks omitted.) *State* v. *Lombardo Bros. Mason Contractors, Inc.*, 307 Conn. 412, 444, 54 A.3d 1005 (2012). Accordingly, § 4-160 (d) is not an ordinary statute of limitations but, rather, constitutes a strict time limit on the waiver of the state's sovereign immunity granted by the claims commissioner. It follows that, once that time period expires, any action brought against the state would be subject to dismissal for lack of jurisdiction under the doctrine of sovereign immunity in the same manner as if the plaintiff never had been given authorization to sue.

In the present case, the claims commissioner granted Boucher a waiver of the state's sovereign immunity on July 16, 2015, authorizing him to file an action against the state for medical malpractice. That waiver was limited by § 4-160 (d) to a period of one year, which expired, at the latest, on July 17, 2016. Thus, the limited waiver of sovereign immunity had expired by the time the plaintiff commenced the present action on September 29, 2016. Without a valid waiver, the state was entitled to dismissal of the action on the ground of sovereign immunity.

The plaintiff nevertheless advances the novel theory that the two year statute of limitations found in the wrongful death statute somehow superseded or rendered inoperative the one year limitation placed on the claim commissioner's waiver of sovereign immunity by § 4-160 (d). The plaintiff has not directed our attention to any language in either statute that would support the construction she suggests. The legislature, in enacting § 4-160 (d), could have provided: *Except as otherwise provided in § 52-555*, no such action shall be brought but within one year from the date such authorization to sue is granted. It has not done so, and we cannot rewrite the statute. "It is well established that a court must construe a statute as written. . . . Courts may not by construction supply omissions . . . or add exceptions merely because it appears that good reasons exist for adding them." (Internal quotation marks omitted.) *Cady* v. *Zoning Board of Appeals*, 330 Conn. 502, 516, 196 A.3d 315 (2018). We agree with the trial court that the plaintiff had the duty to comply with

both the statute of limitations set forth in § 52-555 and the one year limitation on the waiver of sovereign immunity provided in § 4-160 (d).

To the extent that the plaintiff suggests that her claim finds support in the decision rendered in *Lagassey* v. *State*, 50 Conn. Supp. 130, 913 A.2d 1153 (2005), which was affirmed and adopted as a proper statement of the law by our Supreme Court in *Lagassey* v. *State*, 281 Conn. 1, 5, 914 A.2d 509 (2007), we disagree with the plaintiff's interpretation of that decision.

In *Lagassey*, the plaintiff, an executrix of an estate, brought a wrongful death action against the state claiming that it had failed to diagnose and treat her decedent's leaking abdominal aortic aneurysm, thereby causing his death on October 8, 1992. Id., 2–3. The plaintiff filed a notice of claim with the claims commissioner on September 19, 1994, nineteen days before the expiration of the two year wrongful death statute of limitations in § 52-555. Id., 4. She received permission to sue the state on August 23, 2000, but did not commence an action until April 20, 2001. Id., 3. The state subsequently moved for summary judgment, contending that the action was time barred because the plaintiff failed to commence it within the nineteen days remaining in the applicable two year limitation period following the August 23, 2000 decision by the claims commissioner. Id., 3–4. The plaintiff argued that the tolling provision of § 4-160 (d) not only tolled any operative statute of limitations until after authorization to sue was granted but also provided the claimant with an additional one year to bring an action against the state. Id., 4–5. The trial court agreed with the state's construction of § 4-160 (d) and granted its motion for summary judgment, concluding that the plaintiff's action was time barred because the tolling provision of § 4-160 (d) only suspended the running of the applicable statute of limitations. Id., 4. The court rejected the plaintiff's argument that a new limitation period began to run after authorization to sue was granted. Id.

The plaintiff wholly misinterprets the holding in *Lagassey*. The plaintiff notes that the court in *Lagassey* held that the executrix was required to comply with the two year wrongful death statute of limitations, and that the claim commissioner's authorization to file an action against the state did not affect the running of that statute. Although that is true, nothing in the decision suggests that, in a case in which the statute of limitations for a particular cause of action had not yet run, and more than one year remained before it expired, a plaintiff could ignore the one year limit on the waiver of sovereign immunity contained in § 4-160 (d). Rather, a logical reading of *Lagassey* is that a plaintiff who seeks to bring an action against the state following the granting of permission to sue by the claims commissioner should comply not only with the one year waiver

period but also with the statute of limitations for the substantive cause of action because failure to comply with either would render the action time barred.

Section 52-555 authorizes an executor or administrator of an estate to bring an action to recover damages on behalf of the estate against a party legally at fault for injuries resulting in the death of the decedent "provided no action shall be brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of." As the plaintiff correctly notes, § 52-555, the wrongful death statute, creates a statutory cause of action that did not exist at common law in Connecticut and, therefore, "must be strictly construed and cannot be *extended or enlarged* by judicial construction." (Emphasis added.) *Ecker* v. *West Hartford*, 205 Conn. 219, 226, 530 A.2d 1056 (1987). Furthermore, "the time limitation contained therein is a limitation upon the right itself, and as such, is jurisdictional in nature and cannot be waived." Id.

The plaintiff's reliance on *Ecker* is inapposite. *Ecker* simply involved a claim by the plaintiff in that case that the defendant had waived the limitation period in § 52-555 by failing to assert it in a timely manner. The question on appeal was whether the limitation period in § 52-555 is jurisdictional in nature and thus could be asserted at any time and could not be waived by the parties. *Ecker* did not involve the question of whether § 52-555 expanded the court's jurisdiction to hear cases that were untimely under other statutes. A conclusion in this case that the plaintiff's action is untimely pursuant to § 4-160 (d) does not in any way extend or enlarge the limitation period in § 52-555.

As the state correctly notes in its appellate brief, statutes of limitation generally are wielded by defendants as shields; their purpose is not to provide additional substantive rights to plaintiffs. "The purposes of statutes of limitation include finality, repose and avoidance of stale claims and stale evidence. . . . These statutes represent a legislative judgment about the balance of equities in a situation involving the tardy assertion of otherwise valid rights: [t]he theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." (Citation omitted; internal quotation marks omitted.) *Flannery* v. *Singer Asset Finance Co., LLC*, 312 Conn. 286, 322–23, 94 A.3d 553 (2014). The plaintiff has not cited a single case that supports her theory that she was not required to comply with § 4-160 (d) because the limitation period under § 52-555 continued to run.

Section 4-160 (d) serves a different purpose than an ordinary statute of limitations, and a plaintiff who seeks

to bring an action against the state must, as the trial court correctly concluded, comply with both § 4-160 (d) and the underlying, applicable statute of limitations in order to timely bring an action against the state. Consequently, because the plaintiff's action was not commenced within one year from the time the claims commissioner granted authorization to sue, that authorization expired. Accordingly, the plaintiff's action was barred by sovereign immunity, and the court properly dismissed it for lack of subject matter jurisdiction.

## II

We briefly turn to the plaintiff's remaining claim, namely, that even if the one year period for filing her action as set forth in § 4-160 (d) was applicable, it, nevertheless, was extended by operation of § 52-594, which provides: "If the time limited for the commencement of any personal action, which by law survives to the representatives of a deceased person, has not elapsed at the time of the person's death, one year from the date of death shall be allowed to his executor or administrator to institute an action therefor. *In computing the times limited in this chapter*, one year shall be excluded from the computation in actions covered by the provisions of this section." (Emphasis added.)[6] The state argues that § 52-594 is, by its express terms, inapplicable because (1) it only applies to statutes of limitation contained in chapter 926 of the General Statutes, but § 4-160 (d) is found in chapter 53 and (2) it is not a statute of limitations but a limitation on the waiver of sovereign immunity. The state further argues that even if § 52-594 applied, the plaintiff's action was still untimely. We agree with the state that because the plaintiff's action was not commenced within one year of the date of Boucher's death, it is unnecessary for us to decide the applicability of § 52-592, because its application would not have saved the plaintiff's action from dismissal.

Boucher died on September 26, 2015. If the plaintiff's theory that § 52-594 prevents the expiration of the claims commissioner's waiver of sovereign immunity for one year following the death of a successful claimant to allow a representative of the claimant's estate an opportunity to file an action were correct, the plaintiff would have had until September 26, 2016, in which to file a timely action. "[U]nder the law of our state, an action is commenced not when the writ is returned but when it is served upon the defendant." (Internal quotation marks omitted.) *Rocco* v. *Garrison*, 268 Conn. 541, 549, 848 A.2d 352 (2004). Here, the marshal's return indicates that service on the state was not made until September 29, 2016. Accordingly, even if § 52-592 were applicable, the plaintiff's action was still untimely and, thus, subject to dismissal on the basis of sovereign immunity.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 4-160 provides in relevant part: "(a) Whenever the Claims Commissioner deems it just and equitable, the Claims Commissioner may authorize suit against the state on any claim which, in the opinion of the Claims Commissioner, presents an issue of law or fact under which the state, were it a private person, could be liable. . . .

"(d) No such action shall be brought but within one year from the date such authorization to sue is granted. With respect to any claim presented to the Office of the Claims Commissioner for which authorization to sue is granted, any statute of limitation applicable to such action shall be tolled until the date such authorization to sue is granted. . . ."

[2] General Statutes § 52-555 (a) provides: "In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of."

[3] In essence, Boucher claimed that despite making repeated requests for medical treatment over the course of nearly two years, the state failed to properly evaluate his medical condition or to provide the necessary diagnostic tests to discover his cancer in a timely manner.

[4] See footnote 2 of this opinion.

[5] In a footnote, the trial court mentioned, among other things, that the plaintiff's action arguably might be subject to dismissal due to the fact that the claims commissioner had authorized Boucher to file a medical malpractice action against the state whereas the plaintiff's action sounded in wrongful death. Because the court did not grant the motion to dismiss on the basis of any of the issues raised in its footnote, however, we do not reach those issues on appeal.

[6] We note that the plaintiff did not raise her claim concerning the applicability of § 52-594 in her opposition to the motion to dismiss or at oral argument on the motion to dismiss. Rather, the issue was raised for the first time in the plaintiff's motion for reconsideration and reargument, which was rejected by the court without comment. In her motion, the plaintiff argued that Boucher died on September 26, 2015, and, "[t]herefore, his administrator had until September 26, 2016, within which to bring suit pursuant to [§] 52-594." On appeal, the plaintiff attempts to change her claim, suggesting that because at the time of his death Boucher had nine months remaining before the expiration of his authorization from the claims commissioner, the plaintiff had one year from the date of death "plus the unexpired nine months, or until July 16, 2017, to bring suit." As we have consistently stated, however, "[t]he theory upon which a case is tried in the trial court cannot be changed on review. . . . Moreover, an appellate court should not consider different theories or new questions if proof might have been offered to refute or overcome them had they been presented at trial." (Internal quotation marks omitted.) *Nweeia* v. *Nweeia*, 142 Conn. App. 613, 620, 64 A.3d 1251 (2013); see also *Curry* v. *Allan S. Goodman, Inc.*, 286 Conn. 390, 425, 944 A.2d 925 (2008) (legal theory raised for first time on appeal unreviewable). Accordingly, we limit our review to the claim as it was framed and presented to the trial court, namely, that the plaintiff had one year from the date of Boucher's death to file an action.