## MOTIVA ENTERPRISES, LLC *v.* TOWN OF STRATFORD ET AL.
### (AC 29181)

McLachlan, Gruendel and Borden, Js.

Argued September 12—officially released November 25, 2008

*Carmine Perri,* with whom, on the brief, was *Kevin C. Kelly,* for the appellant (named defendant).

*David L. Weiss,* with whom was *John A. Acampora,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. The central issue in this appeal is whether the trial court improperly reduced the tax assessment of the plaintiff's real property[1] by giving improper weight to the testimony of the plaintiff's appraiser.[2] In April, 2005, the plaintiff, Motiva Enter-

[1] The plaintiff's property consists of a gas and oil storage and distribution center on a total of 48.35 acres; 25.67 acres are located in Stratford, and the remaining land is located in Bridgeport. Only the portion of the land in Stratford is the subject of this dispute.

[2] The town also claims that the trial court improperly "relied upon speculation when determining the value of the subject property [and improperly] concluded that the Stratford portion could not be more valuable than the Bridgeport portion." The court's memorandum of decision shows only that the court noted that the Bridgeport property was not offered as a comparable sale, recounted the assessed value of the Bridgeport property and the improvements that it contained and stated that "[t]here is nothing to indicate that the [Stratford portion] is more valuable than the Bridgeport portion of [the plaintiff's] facility."

Even if we assume arguendo that the court relied on these findings, we cannot say that they are clearly erroneous. The court had uncontroverted

prises, LLC, filed an appeal from a tax assessment by the defendant board of assessment appeals of the defendant town of Stratford (town), pursuant to General Statutes § 12-117a,[3] requesting a reduction of the tax assessment to the true and actual value of the property.[4] The court found that the town overvalued the plaintiff's property and ordered the assessed value on the grand lists reduced from $13,750,700 to $6,510,400. The town filed a timely appeal.

After examining the record on appeal and considering the briefs and arguments of the parties, we are persuaded that the judgment of the court should be affirmed. Because the court's memorandum of decision fully addresses the arguments raised in this appeal, we adopt the court's thorough and well reasoned decision as a statement of the facts and the applicable law on these issues. See *Motiva Enterprises, LLC* v. *Stratford,* 50 Conn. Sup. 639, 961 A.2d 485 (2007). Further discussion by this court would serve no useful purpose. See, e.g., *White Sands Beach Assn., Inc.* v. *Bombaci,* 287 Conn. 302, 950 A.2d 489 (2008).

The judgment is affirmed.

---

evidence of the assessed value of the Bridgeport property and the improvements on both properties. The town has failed to show that "there is no evidence in the record to support" the court's findings and failed to provide "the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *United Technologies Corp.* v. *East Windsor,* 262 Conn. 11, 23, 807 A.2d 955 (2002).

[3] The plaintiff appealed to the board of assessment appeals from the valuation by the town assessors, but the board elected not to conduct a hearing. The plaintiff filed its application to appeal within two months of the board's action. See General Statutes § 12-117a.

[4] The plaintiff subsequently amended its application to appeal to include the tax assessments for 2005 and 2006. See General Statutes § 12-117a.